**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OK YEON CHO, individually and | ) | |
| d/b/a FINGERTIP NAIL SALON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00353 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 56(b), the District of Columbia and

Linda Argo (hereinafter "District Defendants") move to dismiss Plaintiff's complaint

filed against the Defendants, or, in the alternative, move for summary judgment. In

support thereof, District Defendants state:

1.) Plaintiff has failed to exhaust her administrative remedies. Plaintiff is currently

involved in pending litigation regarding the subject-matter of this lawsuit before

the District of Columbia Office of Administrative Hearings.

2.) On all three counts of her complaint, Plaintiff has failed to plead with the required

specificity any cause of action for which relief can be granted.

3.) The Public Duty doctrine bars Plaintiff's suit because the District's duty in

regulating and enforcing code violations is to the general public, not to Plaintiff,

individually.

4.) In the absence of any viable federal claim, this Court should decline to exercise

supplemental jurisdiction and dismiss any remaining common law claims.

WHEREFORE, District Defendants respectfully request this Honorable Court to

dismiss the complaint for the reasons stated in the accompanying memorandum in

support of Defendants' Motion to Dismiss, or In the Alternative, Motion for Summary

Judgment.  This Motion also includes a statement of material facts not in dispute, and

proposed orders are attached.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE VALENTINE
Deputy Attorney General
General Litigation Division

/s/ Ellen Efros /s/
ELLEN EFROS [250746]
Section Chief, Equity I

/s/ Chad Copeland /s/
CHAD COPELAND [Bar No. Pending]
Assistant Attorney General
Office of the Attorney General,
District of Columbia
441 4th Street, NW, Suite 600 South
Washington, DC 20001
(202) 724-6624 Phone
(202) 727-3625 Fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of March, 2008, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** to be filed with the Clerk of the Court using the United States Electronic Filing system, which will send notification of such filing to:

Seth W. Diamond
James F. Brown & Associates, PLLC
1220 L Street NW, Suite 700
Washington, DC  20005

I further certify that on this 5th day of March, 2008, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** to be served via United States mail, postage prepaid, on:

Clifford Dedrick
941 N. Capitol St., NE
Washington, D.C. 20002

By:    /s/ Chad Copeland/s/
        CHAD COPELAND
        Assistant Attorney General
        441 4th Street, N.W., 6S049
        Washington, D.C. 20001
        (202) 724-6600 Phone
        (202) 727-3625 Fax

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OK YEON CHO, individually and | ) | |
|     d/b/a FINGERTIP NAIL SALON, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|      v. | ) | Civil Action No. 08-cv-00353 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
|       Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA**
**AND LINDA ARGO'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

This case concerns alleged causes of action against the District of Columbia, Linda Argo, Director of the District of Columbia Department of Consumer and Regulatory Affairs (DCRA), in her official capacity, and Cliff Dedrick, a DCRA investigator, in both his official and individual capacities.  Plaintiff's allegations stem from investigation, by DCRA, into her unlicensed nail salon.  Plaintiff alleges both common law claims and a federal claim based on 42 U.S.C. § 1983.

Based on Plaintiff's assertion of a federal claim, the District of Columbia and Linda Argo ("District Defendants") exercise their right to have the matter resolved in Federal Court.  Pursuant to 28  U.S.C. § 1441, District Defendants removed this case from District of Columbia Superior Court to the United States District Court for the District of Columbia on February 28, 2008.

District Defendants now move this Court to dismiss all claims against them for three reasons:  (1) Plaintiff has failed to exhaust her administrative remedies; (2) Plaintiff has failed to properly allege any claim entitling her to relief from the District Defendants; (3) the Public Duty doctrine bars Plaintiff's claims arising from the investigation of her illegal nail salon; and (4) in the absence of any viable federal claim, this Court should decline to exercise supplemental jurisdiction and dismiss the remaining common law claims.

## II.   ARGUMENT AND AUTHORITIES

### A.   Plaintiff has failed to exhaust her administrative remedies.

Plaintiff's case is not ripe for consideration because she has not yet exhausted all of her administrative remedies.  "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."  *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938); *see also Association of Flight Attendants-CWA, AFL-CIO v. Chao*, 493 F.3d 155, 158 (D.C. Cir. 2007).  In broad terms, the doctrine of exhaustion of administrative remedies "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."  *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

The doctrine of exhaustion exists to ensure that ongoing administrative proceedings are seen through to completion.  *Association of Flight Attendants-CWA, AFL-CIO*, 493 F.3d at 158-9.  The events giving rise to this litigation are currently pending before the District of Columbia Office of Administrative Hearings (OAH).  The next scheduled hearing date is April 17, 2008, at which point it is anticipated that Plaintiff will present evidence consistent with her current plea to the Notice of Infraction.

*See* Exhibit 1, Notice of Infraction S700841; Exhibit 2, OAH Setting Second Status

Conference.  The District Code additionally provides procedures for appeals of OAH

final orders to the District of Columbia Court of Appeals.  *See* D.C. CODE § 2-510

(2001).

     By filing suit before exhausting any and all administrative remedies available to

her, Plaintiff's present lawsuit is premature.  *See Granholm, ex rel. Michigan Dep't of*

*Natural Resources v. FERC*, 180 F.3d 278, 282 (D.C. Cir. 1990) (dismissing case where

Plaintiff did not exhaust administrative remedies because "rules is rules" (citing

BARTLETT J. WHITING, MODERN PROVERBS AND PROVERBIAL SAYINGS

541 (1989))).  Additionally, in doing so, Plaintiff circumvents OAH's familiarity with

business licenses and permits.  *Association of Flight Attendants-CWA, AFL-CIO*, 493

F.3d at 159 ("[E]xhaustion is especially important where allowing the litigants to proceed

in federal court would deprive the agency of *any* opportunity to use its discretion or apply

its expertise." *Citing McCarthy*, 503 U.S. at 145.).  Pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure, Plaintiff's case should be dismissed because she has

filed suit before exhausting her administrative remedies.

    **B.**    **Plaintiff's complaint fails to plead any cause of action for which relief can be granted.**

     A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) should

be granted when Plaintiff's complaint's fails to provide the grounds of her right to relief.

*Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Because the factual allegations

must be sufficient to raise a right to relief beyond speculation, the complaint requires

more than a formulaic recitation of the elements of the cause of action.  *Id.*, at 1964-5,

*citing Papasa v. Allain*, 478 U.S. 265, 286 (1986).  Here, Plaintiff fails to identify the

particular causes of action and the elements associated with each, leaving Defendants with insufficient notice as to the claims against them.

If a court considers materials outside the pleadings in a ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must convert the motion to dismiss into a motion for summary judgment. FED. R. CIV. P. 12(b); *see also Haase v. Sessions*, 835 F.2d 902, 905–906 (D.C. Cir. 1987).  To obtain summary judgment under Rule 56, the District need only "identify those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which [they] believe demonstrate the absence of a genuine issue of material fact," and show entitlement to a judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff, as non-movant, may not rest on the pleadings and must produce, in accordance with Federal Rule 56(e), "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  These facts must have "significant probative" force "tending to support the complaint."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Moreover, when the plaintiff's theory is implausible or posits irrational conduct, the plaintiff "must come forward with more persuasive evidence to support [its] claim than would otherwise be necessary." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

All of the allegations in the Complaint fail as a matter of law; no factual development can resuscitate them.  The Court should grant District Defendants' Motion for the following three reasons: First, Plaintiff's 42 U.S.C. § 1983 claim fails because she has no specified property or liberty interest; second, Plaintiff has not properly pled any

cause of action entitling her to recover pecuniary damages from the Defendants; and

third, Plaintiff's claim for declaratory relief involves no case-or-controversy and is

merely a request for an advisory legal opinion.

### 1.    Plaintiff's has no due process claim because she had no protected property or liberty interest.

Count III of Plaintiff's complaint alleges that the Defendants acted to deprive her

of due process rights under the Fifth Amendment of the U.S. Constitution.[1]  Beyond

boilerplate statements that the Defendants have deprived her of due process, Plaintiff fails

to allege the particulars of her property or liberty interest as well as any facts

demonstrating that the District engaged in a policy, pattern or practice to deny Plaintiff

due process protections, nor does Plaintiff identify what due process protection she was

denied.  "Due process, unlike some legal rules, is not a technical conception with a fixed

content unrelated to time, place, and circumstances; due process is flexible and calls for

such procedural protections as the particular situation demands."  *Mathews v. Eldridge*,

424 U.S. 319, 334 (1976).  Without any reference to time, place or circumstances,

Plaintiff's complaint has not given the District "fair notice of what the . . . claim is and

grounds upon which it rests.  *Bell Atlantic Corp*. v. *Twombly*, 127 S.Ct. at 1964-5.

Moreover, the first step in any due process analysis is "to determine whether

constitutional  safeguards apply at all, *i.e*., whether a private party has a property or

liberty interest that triggers Fifth Amendment due process protection."  *Reeve Aleutian*

*Airways, Inc. vs. U.S*. 982 F.2d 594 (D.C. Cir. 1993) (citing *Cleveland Bd. of Educ. v.*

*Loudermill*, 470 U.S. 532, 538 – 541 (1985).  Here, it is undisputed that Plaintiff was

---

[1] As a preliminary matter, it is significant to note that Plaintiff fails to plead whether she claims deprivation of substantive or procedural due process rights.

illegally operating her nail salon at the time of the noticed infractions.  *See* Exhibit 3,

Plaintiff's Notice of Change of Plea Regarding Notice of Infraction Number S700841

(admitting substance of infraction with explanation).  Plaintiff cannot allege denial of due

process of any protected property or liberty interest because, in fact, she had no right to

be operating the nail salon at the time of the infractions.

      In order to operate a nail salon in the District of Columbia, an individual must

obtain the following[2]:

- Certificate of Occupancy for the use from the Zoning Administration (D.C. MUN. REGS. tit. 11 § 3203.1 (1990); D.C. MUN. REGS. tit. 12A § 110.1 (1990));
- Cosmetology Specialty Managers License from the Professional Licensing Administration (D.C. MUN. REGS. tit. 17 § 3702.1(d) (1990));
- Cosmetology Specialty Owners License from the Professional Licensing Administration (D.C. MUN. REGS. tit. 17 § 3702.1(e) (1990));
- Cosmetology Specialty Operators License from the Professional Licensing Administration if the individual intends to perform services in the salon  (D.C. MUN. REGS. tit.17 § 3702.1(b) (1990));
- Basic Business License from the Business Licensing Administration which itself requires clearance from the Department of Health due to the nature of the services (D.C. CODE § 47-2851.02 (2001)).

It is undisputed that as of May 17, 2007, Plaintiff only possessed an operator's license.

*See* Exhibit 4, Declaration of Adrienne Wilson; Exhibit 5, Declaration of Dorothy

Thomas.  The only license she has acquired since then was a manager's license on

November 2, 2007.  *Id.*  In other words, Plaintiff still does not have all of the necessary

licenses to operate a nail salon in the District of Columbia.  Enforcement of the District's

regulations requiring licensure did not take any property or liberty to which she was

legally entitled.

      Plaintiff fails to show an entitlement to relief because her Complaint provides

only "labels and conclusions," which, even if accepted as true, fail to state a claim upon

which relief can be granted. *Bell Atlantic Corp.*, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Plaintiff had no valid property or liberty interest in the unlawful operation of her nail salon. Additionally, she has not pled facts sufficiently specific to give Defendants notice of the nature of the claims against them, much less a policy, pattern or practice resulting in denial of any due process. Consequently, Plaintiff's 42 U.S.C. § 1983 claim must be dismissed.

Because the civil rights allegation was the only claim providing this Court with original jurisdiction over this case, this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims and dismiss them pursuant to 28 U.S.C. § 1367(c)(3). *See Griffin v. Acacia Life Ins. Co.*, 151 F. Supp. 2d 78, 81-2 (D.D.C. 2001) ("The interests of judicial economy and convenience do not favor exercising supplemental jurisdiction because this Court has not yet expended any resources on addressing the merits of the D.C. law claims and 'there seems little difference in convenience for the parties whether they litigate in D.C. or federal court.'" (quoting *Edmondson & Gallagher v. Alban Towers Tenants Assn'n*, 48 F.3d 1260, 1266 (D.D.C. 1995)).

> **2.     Plaintiff has not alleged a cause of action entitling her to relief for her alleged pecuniary loss.**

In Count II of her complaint, Plaintiff alleges that she is entitled to pecuniary relief from Defendants. Plaintiff's allegations are insufficient to state any cause of action against the Defendants. The Federal Rules of Civil Procedure require that the statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *see also Bell Atlantic*, 127 S. Ct. at 1964-5.

---

[2] [2] In the District of Columbia, nail salon operations fall within the scope of practice of cosmetology. *See*

In the present case, the allegations in Plaintiff's complaint fail to meet this admittedly low standard.

Plaintiff alleges that the Defendants have voluntarily and intentionally engaged in conduct to extort the Plaintiff. Complaint ¶ 26. Beyond this blanket statement, Plaintiff fails to plead any factual elements supporting a claim for extortion or to identify specific facts supporting each element of any such claim. Additionally, Plaintiff alleges that the Defendants have voluntarily and intentionally engaged in conduct to harass the Plaintiff. Complaint ¶ 26. Again, Plaintiff has wholly failed to cite any basis for alleging that harassment, as pled, gives rise to a cause of action against the Defendants, as well as failing to plead the elements of any such claim. Plaintiff's complaint is fatally flawed as it fails to give Defendants notice of the basis of the claims against them.

Beyond her failed attempt to assert purported claims of extortion and harassment, it is unclear whether Plaintiff attempts to allege any other cause of action against the Defendants under Count II. *See* Complaint ¶¶ 24-27. If Plaintiff has attempted to allege other claims, she has utterly failed. There is nothing in her complaint informing Defendants of the claim or of the facts upon which any such claim may rest. "It is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981)).

Finally, even if Plaintiff alleged a cause of action under Count II of her complaint, she is unable to claim pecuniary damages as a matter of law. At the time of citation for the infractions, it is indisputable that Plaintiff was illegally operating a nail salon. As

---

D.C. CODE § 47-285.81.

previously discussed, she did not possess the necessary permits to conduct her business. *See* Exhibit 4, Declaration of Adrienne Wilson; Exhibit 5, Declaration of Dorothy Thomas. Indeed, as detailed in these exhibits, even as of this date, Plaintiff has yet to obtain all of the necessary licenses to operate a nail salon in the District of Columbia. Consequently, any pecuniary loss suffered by the Plaintiff is a product of her own failure to comply with the license requirements found in the District of Columbia Code. She has no cause of action against Defendants because of her own neglect in obtaining the necessary licenses to conduct business.

Plaintiff's complaint does not provide Defendants with notice as to the nature of the claims against them. Plaintiff does not specify the causes of action brought. She does not list the elements of the causes of action, nor does she allege facts upon which the elements of her claims rest. Finally, any pecuniary damages suffered by the Plaintiff are the result of her own failure to obtain the necessary licenses to operate a nail salon, not because of any alleged actions of the Defendants. Pursuant to Federal Rule 12(b)(6), Plaintiff's claim for pecuniary damages must be dismissed.

### 3.    Plaintiff's claim for declaratory relief is improper.

In Count I of her complaint, Plaintiff seeks a declaration as to whether evidence of existing infractions exists on the Plaintiff's premises since May 17, 2007. Complaint ¶ 21. Plaintiff asserts that her ability to re-open, sell her business, and/or perform her trade is dependant on the Court's declaration. Complaint ¶ 22. Plaintiff's request for legal advice, poorly disguised as a request for declaratory relief, is improper and should be dismissed.

In order to establish standing to satisfy the case-or-controversy requirement of Article III of the Constitution, the dispute must be "'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetic set of facts.'" *Medimmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007), *quoting Aetna Life Ins. Co. v. Haworth, et al.*, 300 U.S. 227, 241 (1937).

Plaintiff is asking the Court to declare whether or not she has complied with the District's permit and licensing requirements. This is not an appropriate inquiry for this Court. The permit requirements for operation of a nail salon are found within Title 47 of the D.C. Code and D.C. Municipal Regulations. *See* D.C. CODE § 47-2851.02 (2001); D.C. MUN. REGS. tit. 17 § 3702.1 (1990); D.C. MUN. REGS. tit.11 § 3203.1 (1990); D.C. MUN. REGS. tit. 12A § 110.1 (1990). Moreover, Plaintiff's ability to re-open or sell her business and to perform her trade is not dependent upon the relief sought by Plaintiff in Count 1 of the complaint. Plaintiff's ability to conduct her business is conditioned upon the proper licenses required for the type of trade in which she chooses to engage. Until such time as Plaintiff can conform to the District's license requirements, she will remain unable to reopen her business. As a result, a declaratory judgment here would have no practical enforcement effect. It would serve no purpose other than providing an advisory legal opinion based on a hypothetical set of facts alleged in her complaint. As such, it is improper under Federal Rule 12(b)(1). *See In re: Iraq and Afghanistan Detainees Litigation*, 479 F. Supp. 2d. 85, 118 (D.D.C. 2007). For the foregoing reasons, Count I of Plaintiff's complaint should be dismissed.

**C.    Under the Public Duty doctrine, Plaintiff has no claim against the District.**

Plaintiff's claims for declaratory relief, pecuniary damages, and for violation of 42 U.S.C. § 1983 against the District Defendants should further be dismissed pursuant to the Public Duty Doctrine.  "A government and its agents owe no general duty to provide public services to particular citizens as individuals.  Absent some 'special relationship' between the government and the individual, the District's duty is to provide public services to the public at large."  *Hines v. District of Columbia*, 580 A.2d 133, 136 (D.C. 1990).  Under the Public Duty doctrine, "the District cannot be sued if the duty it owed was a general duty to the public-at-large."  *Powell v. District of Columbia*, 602 A.2d 1123,1127 (D.C. 1992).  The policy behind the doctrine is "to protect the government from interference in its 'legislative or administrative determination concerning allocation of' limited public resources."  *Johnson v. District of Columbia*, 580 A.2d 141, 141 n.1 (D.C. 1990) (quoting *Warren v. District of Columbia*, 444 A.2d 1, 4 (D.C. 1981) (en banc)).

The Public Duty doctrine embraces a wide range of governmental functions, including the D.C. Code and D.C. Municipal Regulations governing operation of nail salons.  *See Morgan v. District of Columbia*, 468 A.2d 1306 (D.C. 1983) (shielding the District police officers from liability for failure to protect individual citizens from crime); *Powell*, 602 A.2d 1123 (applying the doctrine to situation involving the District's automobile registration process); *Wazner v. District of Columbia*, 580 A.2d  127 (D.C. 1990) (including ambulance service within the protections of the Public Duty doctrine). The District's enforcement of these regulatory code restrictions falls within the broad array of activities embraced by the Public Duty doctrine.

In *Auto World, Inc. v. District of Columbia*, 627 A.2d 11 (D.C. 1993), the D.C. Court of Appeals considered the applicability of the Public Duty doctrine in an analogous context.  *Id*., at 13.  In *Auto World*, a used car dealership in Arlington, Virginia, called the D.C. Department of Motor Vehicles (DMV) to verify the validity of a proffered automobile title before selling it to a third party.  The DMV verified that the title was true and correct; however, the car was actually a stolen vehicle.  After being required to reimburse the third party at a price significantly higher than it had paid, Auto World sued the District.  The Court of Appeals affirmed the 12(b)(6) dismissal because, under the Public Duty doctrine, the District did not owe a duty of care to Auto World beyond the duty owed to the general public at large.  *Id*., at 13.  Significantly, the Court explicitly stated that the misinformation provided to Plaintiff by the District employee did not bar applicability of the Public Duty doctrine.  *Id*., at 15.

*Auto World*'s analysis and result guides in the present case.  Here, DCRA, as part of its investigation process, cited the Plaintiff for failing to have the proper licenses to operate her nail salon.  Plaintiff alleges that the misinformation communicated to her after being cited for violating the D.C. regulations governing operation of her nail salon constitutes harassment and extortionate conduct on the part of the District Defendants.  Under *Auto World*, any misinformation delivered by the DCRA investigator would not obviate the Public Duty doctrine's applicability.

Based on the Public Duty doctrine, Plaintiff has no claim against the District Defendants resulting from the license investigation process or from payment of the fine amount for violating that process.  The only exception to the general rule would be the existence of a special relationship between the District and Ms. Cho.  No special

relationship has been pled, and none exists.  *See Hines*, 580A.2d at 138-9 ("[T]he mere

fact that an individual has emerged from the general public and become an object of the

special attention of public employees does not create a relationship which imposes a legal

duty").  Because the Public Duty doctrine defines the District's duty to the general public,

Plaintiff's claims against the District Defendants should be dismissed.

## III.     CONCLUSION

For the foregoing reasons, the District Defendants respectfully request this Court

dismiss Plaintiff's claims and for such further relief as it may show itself entitled.


Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE VALENTINE
Deputy Attorney General
General Litigation Division

/s/ Ellen Efros /s/
ELLEN EFROS [250746]
Section Chief, Equity I

/s/ Chad Copeland /s/
CHAD COPELAND [Bar No. Pending]
Assistant Attorney General
Office of the Attorney General,
District of Columbia
441 4th Street, NW, Suite 600 South
Washington, DC 20001
(202) 724-6624 Phone
(202) 727-3625 Fax

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OK YEON CHO, individually and | ) | |
|     d/b/a FINGERTIP NAIL SALON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00353 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S**
**STATEMENT OF UNCONTESTED MATERIAL FACTS**

1.     Plaintiff operates Fingertip Nail Salon, 3413 Wisconsin Avenue, Washington, D.C. 20016.  (Complaint, at ¶ 3.).

2.     Cliff Dedrick is an investigator for the District of Columbia Department of Consumer and Regulatory Affairs (DCRA).  (Complaint, at ¶ 7.).

3.     On May 17, 2007, Cliff Dedrick conducted an inspection of Fingertip Nail Salon.  (Complaint, at ¶ 7.).

4.     At the conclusion of the inspection, Cliff Dedrick cited Plaintiff for engaging in the operation of a nail salon without a basic business license and for operating a nail salon without a Cosmetology Specialty Managers License. (Exhibit 1, Notice of Infraction S700841.).

5.     Plaintiff admits to the two violations.  (Exhibit 3, Plaintiff's Notice of Change of Plea Regarding Notice of Infraction Number S700841.).

6.     A basic business license (BBL) for a beauty shop or specialty beauty shop is required to operate a nail salon.  (D.C. CODE § 47-2581.02 (2001).).

7.      Plaintiff did not have a BBL for a beauty shop or a specialty beauty shop on May 17, 2007.  (Exhibit 4, Declaration of Adrienne Wilson, at ¶ 5.).

8.      As of March 5, 2008, Plaintiff had not yet obtained a BBL for a beauty shop or a specialty beauty shop.  (Exhibit 4, Declaration of Adrienne Wilson, at ¶ 6.).

9.      An owner of a nail salon must have a Cosmetology Specialty Owners License.  (D.C. MUN. REGS. tit. 47 § 3702.1(e).).

10.     Plaintiff did not have a Cosmetology Specialty Owners License on May 17, 2007.  (Exhibit 5, Declaration of Dorothy Thomas, at ¶ 7.).

11.     As of February 28, 2008, Plaintiff had not yet obtained a Cosmetology Specialty Owners License.  (Exhibit 5, Declaration of Dorothy Thomas, at ¶ 7.).

12.     A practicing manicurist is required to have a Cosmetology Specialty Operators License.  (D.C. MUN. REGS. tit. 47 § 3702.1(b).).

13.     Plaintiff did have a Cosmetology Specialty Operators License on May 17, 2007.  (Exhibit 5, Declaration of Dorothy Thomas, at ¶ 8.).

14.     Plaintiff's Cosmetology Specialty Operators License expires on April 15, 2008.  ((Exhibit 5, Declaration of Dorothy Thomas (Exhibit D).).

15.     A manager of a nail salon must have a Cosmetology Specialty Manager's License.  (D.C. MUN. REGS. tit. 47 § 3702.1(d) (1990).).

16.     Plaintiff did not possess a Cosmetology Specialty Manager's License on May 17, 2007.  (Exhibit 3, Plaintiff's Notice of Change of Plea Regarding Notice of Infraction Number S700841.).

17.     Plaintiff obtained a Cosmetology Specialty Manager's License on November 2, 2007.  ((Exhibit 5, Declaration of Dorothy Thomas (Exhibit D).).

18.     Plaintiff's Cosmetology Specialty Manager's License expires on April 15, 2008.  ((Exhibit 5, Declaration of Dorothy Thomas (Exhibit D).).

19.     As of February 28, 2008, Plaintiff did not have all the required license(s) to own, manage, and/or operate Finger Nail Salon.  (Exhibit 4, Declaration of Adrienne Wilson, at ¶ 6; Exhibit 5, Declaration of Dorothy Thomas, at ¶ 10.).

20.     Proceedings pertaining to Notice of Infraction S700841 are currently pending before the District of Columbia Office of Administrative Hearings (OAH). (Exhibit 2, OAH Setting Second Status Conference.).

21.     The next scheduled hearing date is April 17, 2008.  (Exhibit 2, OAH Setting Second Status Conference.).

22.     The District Code provides for procedures for appeals of OAH final orders to the District of Columbia Court of Appeals.  (D.C. CODE § 2-510 (2001).).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OK YEON CHO, individually and | ) | |
|     d/b/a FINGERTIP NAIL SALON, | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| | ) | |
|         v. | ) | Civil Action No. 08-cv-00353 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
|         Defendants. | ) | |
| _____ | ) | |

**<u>PROPOSED ALTERNATIVE ORDER 1</u>**

Upon consideration of the District of Columbia and Linda Argo's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, opposition thereto, and the entire record herein, it is, on this _____day of _____, 2008,

ORDERED:  that Defendant District of Columbia's Motion to Dismiss, or In the Alternative, Motion for Summary Judgment, is hereby GRANTED;

ORDERED:  that, pursuant to Federal Rule of Civil Procedure 12(b)(1), Count 1 of Plaintiff's complaint is dismissed with prejudice; and

ORDERED:  that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Count II and Count III are dismissed without prejudice.


                                   _____
                                   Henry H. Kennedy, Jr.
                                   United States District Judge

Serve upon:
All Counsel of Record

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, individually and       ) | |
|      d/b/a FINGERTIP NAIL SALON,   ) | |
|         ) | |
|     Plaintiffs,      ) | |
|         ) | |
|     v.          ) | Civil Action No. 08-cv-00353 |
|         ) | |
| DISTRICT OF COLUMBIA, et al.,   ) | |
|         ) | |
|     Defendants.      ) | |
| _____) | |

## <u>PROPOSED ALTERNATIVE ORDER 2</u>

Upon consideration of the District of Columbia and Linda Argo's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, opposition thereto, and the entire record herein, it is, on this _____day of _____, 2008,

ORDERED:  that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Count III of Plaintiff's complaint is dismissed without prejudice, and

ORDERED:  in the absence of any viable federal claim, this Court declines to exercise supplemental jurisdiction over the remaining common law claims, and, pursuant to 28 U.S.C. § 1367(c)(3), Plaintiff's remaining common law claims are dismissed.


_____
Henry H. Kennedy, Jr.
United States District Judge

Serve upon:
All Counsel of Record

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OK YEON CHO, individually and | ) |
|     d/b/a FINGERTIP NAIL SALON, | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
|        v. | )     Civil Action No. 08-cv-00353 |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
|        Defendants. | ) |
| _____ | ) |

**PROPOSED ALTERNATIVE ORDER 3**

Upon consideration of the District of Columbia and Linda Argo's Motion to

Dismiss, or in the Alternative, Motion for Summary Judgment, opposition thereto, and

the entire record herein, it is, on this _____day of _____, 2008,

ORDERED: that, pursuant to the Public Duty doctrine, Plaintiff's complaint is

dismissed with prejudice.


_____
Henry H. Kennedy, Jr.
United States District Judge

Serve upon:
All Counsel of Record

22

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OK YEON CHO, individually and | ) | |
|     d/b/a FINGERTIP NAIL SALON, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|       v. | ) | Civil Action No. 08-cv-00353 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
|       Defendants. | ) | |
| _____ | ) | |

## PROPOSED ALTERNATIVE ORDER 4

Upon consideration of the District of Columbia and Linda Argo's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, opposition thereto, and the entire record herein, it is, on this _____day of _____, 2008,

ORDERED:  that Plaintiff's complaint is dismissed without prejudice on the grounds that she has failed to exhaust her administrative remedies.


                                      _____
                                        Henry H. Kennedy, Jr.
                                        United States District Judge

Serve upon:
All Counsel of Record

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OK YEON CHO, individually and )<br>    d/b/a FINGERTIP NAIL SALON, )<br>                   )<br>       Plaintiffs, )<br>                   )<br>       v. )<br>                   )<br>DISTRICT OF COLUMBIA, et al., )<br>                   )<br>       Defendants. )<br>_____) | Civil Action No. 08-cv-00353 |

**PROPOSED ALTERNATIVE ORDER 5**

Upon consideration of the District of Columbia and Linda Argo's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, opposition thereto, and the entire record herein, it is, on this _____day of _____, 2008,

ORDERED:  that SUMMARY JUDGMENT is GRANTED in favor of the Defendants on all Counts of Plaintiff's complaint; and

FURTHER ORDERED:  Plaintiff's complaint is dismissed with prejudice.

_____
Henry H. Kennedy, Jr.
United States District Judge

Serve upon:
All Counsel of Record

## NOTICE OF INFRACTION

Notice No. **S700841**

| Issuing Agency: | ☐ DOH | ☐ DMH | ☒ DCRA | ☒ 1st NOI |
|---|---|---|---|---|
| | ☐ CFSA | ☐ FEMS | ☐ Other _____ | ☐ 2nd NOI (1st NOI No. _____) |

Date of Service _____

**3413 WISCONSIN Ave. NW**

Location of Infraction: Type of Location: ☐ Vacant Lot ☐ Construction Site ☐ Occupied ☐ Other _____

Business/Company Name: **Cho, Yeon OK**    Charge as Respondent (circle): YES ~~NO~~    Telephone Number **202 363-5569**

Individual Name (Last, First, Middle): **7626 BUCKLAND ST**    Charge as Respondent (circle): YES NO    Telephone Number

Mailing Address **Lorton VA. 22079**

City _____ State _____ Zip Code _____

Business License/Permit Type **HDP 104803**    Business License/Permit No. **None - Beauty Shop**

You are charged with violating the District of Columbia laws or regulations stated below. You **MUST SIGN** and **RETURN** this form **WITHIN 15 DAYS** of the date of service. You must also indicate below each infraction whether you **ADMIT, ADMIT WITH EXPLANATION or DENY. Instructions** on back.

If you **DENY** one or more of the infractions, you must timely sign and return this form as your answer. If you do so, a hearing in your case is pre-scheduled on the _____ day of _____, _____ at _____ AM / PM at the following location:

**Office of Administrative Hearings,** _____, Suite ____, Washington, D.C.

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| **DC Official Code 47-2851.02** | $ **2,000** | $ |

Nature of Infraction **Engaging Business without Public Health Accommodate with Enforcement As to Identity Bldg**

Date of Infraction **5/17/07** Time of Infraction **2:00 pm** Previous Infractions Committed

ANSWER: ☐ ADMIT (Pay Fine)    ☐ DENY (Appear for a Hearing)    ☐ ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| **DC official Code 47-2853.02** | $ **2,000.00** | $ |

Nature of Infraction **Practicing, Attempting or Offering to Practice - Cosmet**

Date of Infraction **5/17/07** Time of Infraction **2:00** Previous Infractions Committed 1 2 3 4

ANSWER: ☐ ADMIT (Pay Fine)    ☐ DENY (Appear for a Hearing)    ☐ ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

Total Fines and Penalties $ **4,000**
Total Administrative Fees $ **10.00**
Total Amount Due for ALL Infractions $ **4,010**

**WARNING:** Failure to answer (see reverse) each infraction on this Notice within 15 days of the date of service by signing and returning this form will result in assessment of a penalty equal to and in addition to the specified amount of the fine. You also may be subject to other penalties and actions allowed by law including suspension and non-renewal of your license or permit, the sealing of your business, a lien being placed on your property, and attachment of your equipment. If this is your second Notice for the charges, your failure to respond within 15 days of the date of service will result in the assessment of a penalty equal to twice the amount of the fine. **For Medicaid-funded facilities:** This Notice and information obtained through this proceeding may be used for evaluation under applicable law, including 42 CFR Chs. 442 and 483 and for any proceeding under 42 CFR Ch. 431. For information call (202) 442-9091.

I personally declare, under penalty of perjury that I observed and/or determined that the infraction(s) charged have been committed.

**C Cedrick**    **C Cedrick**    **5/17/07**    **530-**

Inspector's/Investigator's Signature    Print Name    Date    Badge/Identification Number

I sign my name below to acknowledge receipt of this Notice of Infraction and not as an admission of guilt or liability to the charge(s) listed.

**ck yeon cho**    **5/4/07**    **2:30pm - CO**

Respondent's Signature    Print Name    Date

OAH (WHITE)    RESPONDENT (YELLOW)    INSPECTOR (PINK)    ENFORCEMENT (GOLDENROD)

Form OAH-412, Rev. 12-04

**DISTRICT OF COLUMBIA**
**OFFICE OF ADMINISTRATIVE HEARINGS**
941 N. Capitol Street, NE, Suite 9100
Washington, DC  20002

DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND
REGULATORY AFFAIRS
    Petitioner,

    v.

YEON OK CHO
    Respondent

Case No.:  CR-I-07-S700841

## ORDER SETTING SECOND STATUS CONFERENCE

This Order sets the above-captioned case for a second status conference at **1:30 PM** on **April 17, 2008.** At the first status conference on February 14, 2008, Attorneys Lori S. Parris and Shakira D. Pleasant appeared for the Government.  Attorney Seth W. Diamond appeared for the Respondent and changed her plea to Admit with Explanation.  Counsel agreed to have this case designated as "complex" in the event discovery becomes necessary.  Counsel also agreed to continue this matter for 60 days

WHEREFORE, it is this 15th day of February 2008

ORDERED, that counsel for both parties shall appear for a status conference at **1:30 PM** on **April 17, 2008** at the Office of Administrative Hearings, 941 N. Capitol Street, NE, Suite 9100, Washington, DC.  If counsel wishes to reschedule the conference, they must first confer and then file a motion to continue the conference to an alternative date; and it is further

Case No.: CR-I-07-S700841

**ORDERED**, that at the status conference, counsel shall be prepared to discuss the following:

1. The possibility of settling the entire care or one or more subsidiary issues;

2. Possible admissions and stipulations of material fact;

3. Expected pre-trial motions;

4. Setting the case for mediation or an evidentiary hearing;

5. Any other issues that will help resolve this matter promptly and efficiently with or without a hearing; and it is further

**ORDERED**, that counsel shall confer about the aforementioned issues prior to the status conference (in person or by telephone), and be prepared to certify to the same; and it is further

**ORDERED**, that because timely compliance with this Order is necessary to ensure a fair and orderly disposition of the case, should a party fail to comply with the requirements of this Order, this case shall be subject to the entry of an appropriate order of dismissal or default pursuant to OAH Rule 2818; 1 DCMR 2818; and it is further

**ORDERED**, that the parties and their attorneys shall comply with all applicable OAH Rules of Procedure set forth in the Title 1, Chapter 28 of the District of Columbia Municipal Regulations. 1 DCMR 2800.

Scott A Harvey
Administrative Law Judge

Case No.: CR-I-07-S700841

# CERTIFICATE OF SERVICE

**By Facsimile and**
**U.S. Mail (Postage Paid):**

Seth W. Diamond, Esquire
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005
**TEL: (202) 742-2000**
**FAX: (202) 742-2098**

*Counsel for Respondent*
*Yeon Ok Cho*

I hereby certify that on 2/14 ,
2008 this document was caused to be served
upon the parties named on this page at the
addresses listed and by the means stated.

_C l, t_

Clerk / Deputy Clerk

**By Facsimile and Inter-Agency Mail:**

Lori S. Parris, Esquire
Shakira D. Pleasant, Esquire
DEPARTMENT OF CONSUMER AND
  REGULATORY AFFAIRS
Office of the General Counsel
941 North Capitol Street, NE
Suite 9400
Washington, DC 20002
**TEL: (202) 442-8557**
**FAX: (202) 442-9447**

*Counsel for Petitioner DCRA*

Jill Stern, Esq.,
General Counsel
Department of Consumer and Regulatory
Affairs
941 North Capitol Street NE, Suite 9400
Washington, DC 20002

-3-

# FAX  FAX  FAX  FAX  FAX  FAX  FAX  FAX  FAX  FAX

Date: _2/19/08_

To: _Loni Parris, Esq_

Fax Number: _202 442-9447_

From: _DLRA - Channing Ballanger_

Re: _Order Setting Second Status Conference_

Number of Pages (including fax cover): _4/_

Notes: _____

If all pages are not received, please call 202.652.7995.  Thanks!



DISTRICT OF COLUMBIA
OFFICE OF ADMINISTRATIVE HEARINGS
941 North Capital Street, Suite 9100
Washington, D.C. 20002

THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER
AND REGULATORY AFFAIRS

          Case No.:  S700841

        Petitioner,

   v.

YEON OK CHO,

        Respondent.

_____/

### RESPONDENT'S NOTICE OF CHANGE OF PLEA REGARDING NOTICE OF INFRACTION, NUMBER S700841

COMES NOW the Respondent, YEON OK CHO, by and through the undersigned

counsel and pursuant to applicable Office of Administrative Hearings Rules of Practice and

Procedure, hereby serves notice that she is hereby changing her plea to Notice of Infraction,

Number S700841 to ADMIT WITH EXPLANATION.  The explanation has been stated in all

prior pleadings, filings and exhibits thereto.

                Respectfully submitted,

                _____

                Seth W. Diamond, Esq. (Bar No. 501308)
                James E. Brown & Associates, PLLC
                1220 L Street, NW, Suite 700
                Washington, DC 20005

                202-742-2000 (phone)
                202-742-2098 (fax)
                sdiamond@jeblaw.biz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail to: Jill Stern, Esq., Lori S. Parris, Esq., and Shakira D. Pleasant, Esq., Department of Consumer & Regulatory Affairs, Office of General Counsel, 941 North Capitol Street, N.E., Suite 9400, Washington, DC 20002 this 7th day of February, 2008.

Seth W. Diamond, Esq. (Bar No. 501308)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
sdiamond@jeblaw.biz

SWD

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OK YEON CHO, individually and        ) | |
|     d/b/a FINGERTIP NAIL SALON,    ) | |
|                        ) | |
|       Plaintiffs,             ) | |
|                        ) | |
|       v.                  ) | Civil Action No. 08-cv-00353 |
|                        ) | |
| DISTRICT OF COLUMBIA, et al.,     ) | |
|                        ) | |
|       Defendants.           ) | |

**DECLARATION OF ADRIENNE WILSON IN SUPPORT OF DEFENDANTS
DISTRICT OF COLUMBIA AND LINDA ARGO'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

I, Adrienne Wilson, under penalty of perjury, hereby declare the following:

1.     I am employed by the Department of Consumer and Regulatory Affairs of the District of Columbia ("DCRA") in the Business and Professional Licensing Administration ("Administration"), Business Licensing Division ("Division").

2.     Currently, I am the Supervisory Business License Speciality for the Division. I have held this position since October 14, 2007. Prior to that time, I was the Master Business License Specialist and held that position since 2003. My current duties and responsibilities include: reviewing and analyzing existing business licensing rules and regulations and recommending changes as needed for consistency and accuracy; develop and implement practice and procedures for the business license center in conjunction with the Program Manager; and resolve disputes in basic business license ("BBL") Center.

3.      I am familiar with the business licensing requirements for beauty shops, which includes but is not limited to hair braiding and nail salons, as prescribed by D.C. Official Code §§ 47-2809, 47-2851.02, and 47-2851.03a(k)(4). *See* Basic Business License Fact Sheet, attached as Exhibit A.

4.      I have reviewed whether Yeon Ok Cho ("Plaintiff") t/a Fingertip Nails, located at 3413 Wisconsin Avenue, NW, Washington, D.C., possesses the required business license(s) to operate a beauty shop in the District of Columbia.

5.      On February 28, 2008, Joseph Schilling, the Administrator for the Business and Professional Licensing Administration, certified that Yeon Ok Cho t/a Fingertip Nails did not have a basic business license ("BBL") for a beauty shop from May 17, 2007 to Present. *See* Basic Business License Certification, attached as Exhibit B.

6.      As of the date of this statement, the Plaintiff is not eligible to operate a beauty shop in the District of Columbia without obtaining a BBL, pursuant to D.C. Official Code § 47-2809. Accordingly, the Plaintiff lacks the required license(s) to operate Fingertip Nails, located at 3413 Wisconsin Avenue, N.W.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 5, 2008

Adrienne Wilson

# Exhibit A



**DCRA**
DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS

**Basic Business License Fact Sheet**

NAICS:  812111

## Beauty Shop and Beauty Specialty Shops

**NAICS Description:** This classification applies to the businesses (persons) engaged in the practice of cosmetology and cosmetology specialties (manicurist, esthetic, electrolysis, braiding). This includes all portions of the premises under the control of the owner or manager of the business that are used in part or in whole for the conduct of the business. Beauty Schools are included.

**Transaction Type:  Initial**                                   **Endorsement Class:** Public Health – Public Accommodation

| Legal Authority: | DC Code 47-2809; 47-2851 | DCMR Title 17, Chapter 37 |
|---|---|---|

| | | |
|---|---|---|
| **License Duration:** | Two (2) Years | **Category License Fee:** $78.00 |
| **License Available Online:** | No | **Application Fee:** $35.00 |
| | | **Endorsement Fee:** $10.00 |
| **Payment Method:** | If applying in person you can pay for your Basic Business License (BBL) by cash, check, money order, or credit card at the Department of Consumer and Regulatory Affairs, Business License Division, 941 North Capitol Street NE, Washington, DC 20002. If applying by mail you can pay for your Basic Business License (BBL) by check or money order payable to "DC Treasurer" and submitted to: Bank of America Attention; DC Government Wholesale Lockbox #91360 Mail Code MD4-301-18-04, 18th Floor, 225 North Calvert Street Baltimore, MD 21202. | |

| Prerequisites: | Must hold a current Cosmetology License (issued through the Occupation and Professional Licensing Division) |
|---|---|

**Application Requirements:  All applicants for a Basic Business License must comply with the following DC Code requirements:**

➢ **Basic Business License Application**
To make sure you get your BBL as quickly as possible, you must submit a properly completed *Basic Business License Application* package. All of your responses should be printed clearly in English.

➢ **Certificate of Occupancy / Compliance for Zoning Regulations**
Before applying for your BBL, you'll need a *Certificate of Occupancy* (C of O) for the location where your business is conducted to demonstrate that your business does not conflict with building and zoning codes. (If your business is located in an office building, you may operate under the umbrella of the C of O issued to the owner of the building, as long as the C of O was issued for the entire building; check with your building owner or management company for the C of O holder name, number, and issue date.) If you have any questions about Certificates of Occupancy, please call the Permit Center Division at (202) 442-4601.

➢ **Clean Hands Certification**
You'll also need to certify that you don't owe more than $100 to the District of Columbia government as a result of fees, penalties, interest, or taxes through completion of a *Clean Hands* form provided in your BBL application package.

➢ **Office of Tax & Revenue (OTR) Registration**
Before applying for your BBL, you'll also need to register your business with OTR and submit a copy of your tax registration certificate with your application. If you're not already registered, simply complete and file a *Combined Business Tax Registration Application* (Form FR500); this can also be done online at www.cfo.dc.gov. For more information, please call the Tax Customer Center at (202) 727-4829.

➢ **Department of Health Inspection/Approval**
Your business activity must be inspected and/or receive approval to operate by the Department of Health (DOH) Environmental Health Administration; Bureau of Food, Drug, and Radiation Protection, located at 51 N Street NE, Washington, DC, or call the Food Protection Division at (202) 535-2180 for DOH approval procedures.

➢ **Professional Licensure**
You must verify that you have a valid barber's license approved by the DC Barber and Cosmetology Board. For more information, please call the Occupational and Professional Licensing Division at (202) 442-4320.

## Beauty Shop & Beauty Specialty Shops (Cont.)

Special Instructions:    If your business falls into one of the following categories, there are additional requirements for your BBL application, as described below.

➤ Corporation Division Requirements
If you are a corporation, partnership or limited liability company you must be registered in the District and in good standing.  For instructions on how to register, please go to www.dcra.dc.gov and click on "Corporate Registration." For more information, please call the Corporation Division at (202) 442-4432.

➤ Non-Resident of the District of Columbia (including Foreign Corporations)
If you are not a resident of the District of Columbia, you'll need to appoint a Resident Agent or an Attorney-in-Fact who lives or works in an office in the District, who will be the official recipient of any financial, process, or legal notices that we need to send to you.  If you are not a DC resident, please complete the *Certified Resident Agent Appointment Form*.

➤ Corporate Registered Agents
Every corporation needs to have a registered agent office in the District of Columbia.  This office can – but does not need to be – the same as your place of business. Foreign corporations doing business in DC need to certify that their named registered agent is duly authorized to represent that corporation.

➤ Trade Name Operative (Use of Fictitious Business Name)
If your business uses a *Trade Name*, you'll need to register the name with DCRA and indicate both the trade name and the official business name (including its corporation, LLC, or partnership classification) if applicable.

Responsible Agency:  The Department of Consumer & Regulatory Affairs, Business License Division

Other District or Federal Agencies Involved for this Basic Business License:  Department of Health; Environmental Health Administration; Office of Tax and Revenue; Occupational and Professional Licensing Division

Additional Business Activities (BBL Endorsements):

If you conduct more than one business activity (endorsement type), you'll need to indicate those activities on your BBL application.  You might have any number of additional business activities connected to this particular license endorsement.  For example:

➤ Dermatologists
  -  *Contact the Department of Health, Professional Licensing Division*

Special Notes:    If your business includes any of the above endorsement activities, you can get additional fact sheets and application forms by contacting DCRA's BBL Info Center by phone at (202) 442-4311, or by Email at bbl.infocenter@dc.gov.

If you prefer, you can get additional fact sheets and BBL packages on our website at www.dcra.dc.gov.  Simply click on "Basic Business License" on our main page.  In order to download the forms, you will need to have Adobe Acrobat Reader on your computer. If you don't, a link to this free download is available on our website. Once you've downloaded the forms, simply print, complete, and submit them with the applicable fees.

Department of Consumer & Regulatory Affairs
941 North Capitol Street NE, Washington, DC 20002 0 Phone: (202) 442-4311   Fax: (202) 442-4523
For Relay Service call 711 0 Email: bbl.infocenter@dc.gov

3-8-07

# Exhibit B

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS**
Business and Professional License Administration
Business License Division



# *CERTIFICATE*

**I HEREBY CERTIFY** that a search of the official licensing records in the Business License Division for **Yeon Ok Cho t/a Fingertip Nails** revealed that:

No Basic Business **Public Health: Public Accommodations** license endorsement for a **"Beauty Shop - Nails"** has been issued for the premise **3413 Wisconsin Avenue, N.W. Washington, DC 20016** for the period of May 1, 2007 to the present.

**IN WITNESS WHEREOF,** I have hereunto set my hand and caused the seal of this office to be affixed as of the **28th day of February 2008.**

Linda Argo
Director

Joseph Schilling
Administrator
Business and Professional Licensing Administration

Adrian M. Fenty
Mayor

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS**
Business and Professional License Administration
Business License Division



# CERTIFICATE

**I HEREBY CERTIFY** that a search of the official licensing records in the Business License Division for **Yeon Ok Cho t/a Fingertip Nails** revealed that:

No Basic Business **Public Health: Public Accommodations** license endorsement for a **"Beauty Shop"** has been issued for the premise **3413 Wisconsin Avenue, N.W. Washington, DC 20016** for the period of May 1, 2007 to the present.

**IN WITNESS WHEREOF,** I have hereunto set my hand and caused the seal of this office to be affixed as of the **28th day of February 2008.**

Linda Argo
Director

Joseph Schilling
Administrator
Business and Professional Licensing Administration

Adrian M. Fenty
Mayor

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OK YEON CHO, individually and<br>    d/b/a FINGERTIP NAIL SALON, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00353 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DECLARATION OF DOROTHY THOMAS IN SUPPORT OF DEFENDANTS**
**DISTRICT OF COLUMBIA AND LINDA ARGO'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

I, Dorothy Thomas, under penalty of perjury, hereby declare the following:

1.      I am employed by the Department of Consumer and Regulatory Affairs of the District of Columbia ("DCRA") in the Business and Professional Licensing Administration ("the Administration"), Occupational and Professional License Division ("Division").

2.      I am the Contact Representative for the Division. I have held this position since approximately January 1985. My duties and responsibilities in this position include overseeing the various Boards and Commissions and making sure applicants are in compliance with the rules and regulations that govern their profession. I am also relied upon to make independent judgments and render decisions on applications submitted for professional licensure.

3.      I am familiar with the professional licensing requirements for beauty specialty shops, which include but are not limited to hair braiding and nail salons, as prescribed by D.C. Official Code §§ 47-2809.

4.      I am aware that any person engaged in the practice of cosmetology (i.e., owning, managing, or providing services in an establishment such as a hair braiding or nail salon) must have a valid (professional) license approved by the District of Columbia Barber and Cosmetology Board ("Board").

5.      Licenses approved by the Board, include but are not limited to, specialty cosmetology operators license (i.e., braider or manicurist), Barber, Cosmetology, or Specialty Salon Manager License and Barber, Cosmetology, or Specialty Salon Owner License.

6.      I have reviewed whether Yeon Ok Cho ("Plaintiff") t/a Fingertip Nails, located at 3413 Wisconsin Avenue, NW, Washington, D.C., possesses the required professional license(s) to operate a beauty specialty shop in the District of Columbia.

7.      On February 28, 2008, Mr. George Beatty, Contact Representative in the professional licensing division certified that Yeon Ok Cho did not have a Barber, Cosmetology, or Specialty Salon Owner license from May 17, 2007 to Present. If Ms. Cho is the purported owner of Fingertip Nails, the owner's license is required. *See* Professional License Certification, attached as Exhibit C.

8.      On February 28, 2008, Mr. George Beatty, Contact Representative in the professional licensing division certified that Yeon Ok Cho does have a Barber, Cosmetology, or Specialty Salon Manager license and a Specialty Cosmetology Operators (i.e., manicurist) license. *See* Professional License Certification, attached as Exhibit D.

2

9. While the Plaintiff does possess the manager and operator's license, I am aware that she must also have a business license in order to perform services in the District of Columbia, pursuant to D.C. Official Code § 47-2809.

10.    If Plaintiff owns Fingertip Nails, located at 3413 Wisconsin Avenue, N.W., then as of the date of this statement, she is ineligible to own it because she does not have the required owner's license.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 5, 2008

Dorothy Thomas

3

# Exhibit C

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Department of Consumer and Regulatory Affairs

★★★

Business and Professional
Licensing Administration

# CERTIFICATION

To Whom It May Concern:

I, George Beatty the custodian of the records of the Business and Professional License Division of the Department of Consumer and Regulatory Affairs, in the District of Columbia, Being first duly sworn on the oath deposed and state as to my personal knowledge of the following facts:

A search of the authentic license records of the License and Certification Division verifying records from the period of 5/01/2007 to the Present reveal that: **OK YEON CHO t/a FINGERTIP NAILS** is not licensed as a Cosmetology Specialty Owner (CSO)

**\*No record was found substantiating licensure as a Cosmetology Specialty Owner in the District of Columbia.**

_____
Signature of Authorized Person

Contact Representative          February 28, 2008

**SEAL**

941 North Capitol Street, N.E., Room 7200, Washington, D.C. 20002
(202) 442-4320

# Exhibit D

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Department of Consumer and Regulatory Affairs



Business and Professional
Licensing Administration

## CERTIFICATION

To Whom It May Concern:

I, George Beatty the custodian of the records of the Business and
Professional License Division of the Department of Consumer and
Regulatory Affairs, in the District of Columbia, Being first duly sworn on
the oath deposed and state as to my personal knowledge of the following
facts:

A search of the authentic license records of the License and Certification
Division verifying records from the period of 5/01/2007 to the Present
reveal that: **OK YEON CHO t/a FINGERTIP NAILS** is currently
licensed as a Cosmetology Specialty Operator (Nail) issued license number
**CSP5003205** on 2/12/2006-expiring on 4/15/2008

**Ok Yeon Cho** is also licensed as a Cosmetology Specialty Manager (Nail)
issued license number **CSM 5004989** on 11/02/2007- expiring on 4/15/2008


_George Beatty_
Signature of Authorized Person

Contact Representative          February 28, 2008


**SEAL**

941 North Capitol Street, N.E., Room 7200, Washington, D.C. 20002
(202) 442-4320