UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, et al., )<br>)<br>Defendants. )<br>)<br>) | Case No.:   08-cv-00353 |

**PLAINTIFF'S MOTION FOR REMAND TO D.C. SUPERIOR COURT**

COMES NOW the Plaintiff, OK YEON CHO, by and through the undersigned counsel and pursuant to applicable Federal Rules of Civil Procedure hereby files her Motion for Remand to D.C. Superior Court, and as grounds in support thereof states as follows:

**Statement of Facts**

1. On January 28, 2008 the Plaintiff filed this action in D.C. Superior Court.

2. With regard to the Defendant, THE DISTRICT OF COLUMBIA, service of process was obtained on the Mayor on January 31, 2008; the Office of Risk Management on January 30, 2008; and Corporate Counsel on January 31, 2008. (See attached composite Exhibit "A").

3. With regard to Defendant, LINDA ARGO, service of process was obtained on January 31, 2008. (See attached Exhibit "B"). The Plaintiff concedes that identifying the Defendant as the Department of Consumer and Regulatory Affairs was a scrivener's error in the Affidavit of Service, but it is clear that service was obtained on Defendant, LINDA ARGO, based on the certified mail return receipt.

4.  On February 28, 2008 the Defendant, THE DISTRICT OF COLUMBIA, filed its Notice of Removal, pursuant to 28 U.S.C. §§ 1441. (See attached Exhibit "C").

5.  However, Defendant, LINDA ARGO, failed to join in the Notice of Removal. Therefore unanimous consent of all served Defendants has not occurred and therefore this matter must be remanded to the District of Columbia Superior Court as a matter of law.

## Points and Authorities

The Defendant, THE DISTRICT OF COLUMBIA, cannot remove this matter to the U.S. District Court for the District of Columbia without unanimous consent of all Defendants. Because the Defendant has failed to secure unanimous consent to removal, this matter must be remanded to the District of Columbia Superior Court as a matter of law.

This Honorable Court has consistently held that removal statutes are to be strictly construed. Luellen v. Luellen, 2006 WL 1825220, 1 (D.D.C. 2006), *citing* Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); *and* LaPoint v. Mid-Atlantic Settlement Servs., 256 F.Supp.2d 1, 3 (D.D.C. 2003). A Defendant seeking removal from a state court to a federal court must file a Notice of Removal within thirty (30) days of service of process. LaPoint v. Mid-Atlantic Settlement Services, Inc., 256 F.Supp.2d 1, 2 (D.D.C. 2003). When multiple Defendants exist, removal requires unanimous consent of all Defendants served with the Complaint. Id. Therefore, when a federal question is raised, Defendants desiring removal must express their unanimous consent to a notice of removal within thirty (30) days of service. Id. at 3. Each Defendant's consent to removal must be unambiguous and independent. Kopff v. World Research Group, LLC, 298 F.Supp.2d 50, 54 (D.D.C. 2003). "Unless all defendants express such consent to removal in a timely manner, the removal procedure is defective." *Quoting* Id. Further, "(i)f it clearly appears on the face of the notice and any exhibits annexed

thereto that removal should not be permitted, the court *shall* make an order for summary remand" Luellen at 1, *quoting* 28 U.S.C. § 1446 (c)(4) (Emphasis added); *see also* LaPoint at 3 ("If defendant fails to do so, and a plaintiff moves for remand, then the federal court must remand the case to the state court…").

In this matter it is clear that the Defendant, the DISTRICT OF COLUMBIA, was served with process on January 31, 2008. (See attached Exhibit "A"). It is also clear that the Defendant, LINDA ARGO, was also served with process of January 31, 2008. (See attached "B"). Therefore, both Defendants had until March 2, 2008 to file a Notice of Removal. However, THE DISTRICT OF COLUMBIA is the only Defendant to have filed a Notice of Removal. (See the record in this matter). Defendant, LINDA ARGO, never filed a Notice of Removal, nor did she join in the Notice of Removal filed by THE DISTRICT OF COLUMBIA.

Because the Defendant, LINDA ARGO, failed to provide notice of consent for removal within thirty (30) days of service of process, this matter must be remanded to the District of Columbia Superior Court as a matter of law.

WHEREFORE the Plaintiff respectfully requests that this Honorable Court remand this matter to the District of Columbia Superior Court and for any other relief deemed just and proper.

Respectfully submitted,

                _____/s/_____
Roxanne D. Neloms, Esq. (Bar No. 478157)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
rneloms@jeblaw.biz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March 2008, a true and correct copy of the foregoing was filed with the Clerk of Court using the United States Electronic Filing system, served, which will send notification of such filing to:

Peter J. Nickles, Esq.
Interim Attorney General for the District of Columbia

George C. Valentine, Esq.
Deputy Attorney General, Civil Litigation Division

Ellen A. Efros, Esq.
Chief, Equity I

Chad Copeland, Esq.
Assistant Attorney General
441 4th Street, NW
Suite 600 South
Washington, D.C. 20001
COUNSEL FOR THE DISTRICT OF COLUMBIA
AND LINDA ARGO

I FURTHER CERTIFY that on this 13th day of March, 2008, a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid, to:

Cliff Dedrick
District of Columbia
Department of Consumer & Regulatory Affairs
941 North Capitol Street, N.W.
Washington, D.C. 20002

_____/s/_____
Roxanne D. Neloms, Esq. (Bar No. 478157)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
rneloms@jeblaw.biz