UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, individually and<br>    d/b/a FINGERTIP NAIL SALON,<br><br>        Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 08-cv-00353<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND TO D.C. SUPERIOR COURT**

    Defendants District of Columbia and Linda Argo, in her official capacity, respectfully submit their opposition to Plaintiff's Motion to Remand.  Plaintiff cites to the doctrine of unanimity for the basis of her motion; however, under a recognized exception to the doctrine, Linda Argo, as an official capacity defendant, is merely a nominal or formal defendant.

**BACKGROUND**

    Plaintiff originally filed this lawsuit in District of Columbia Superior Court alleging both common law and federal claims against three Defendants: (1) the District of Columbia ("District"); (2) Linda Argo, Director of District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), in her official capacity only; and (3) Clifford Dedrick, a DCRA investigator, in both his individual and official capacities.  On February 28, 2008, the District timely removed the matter to United States District Court for the District of Columbia based on Plaintiff's allegation under a federal statute, 28 U.S.C. § 1983.  (Docket No. 1).

On March 13, 2008, Plaintiff filed a Motion to Remand the case back to Superior Court. (Docket No. 5). Plaintiff based her motion on the doctrine of unanimity, arguing that remand is proper because Linda Argo did not independently consent to the removal. Plaintiff's motion is wholly without merit because she ignores that Linda Argo, as an official capacity defendant, is merely a nominal or formal party defendant. Independent consent from nominal or formal party defendants has long been recognized as an exception to the unanimity doctrine.

## **ARGUMENT AND AUTHORITIES**

Conspicuously absent in the Points and Authorities supporting Plaintiff's Motion to Remand is discussion related to the exceptions to the doctrine of unanimity. While the general procedure governing removal requires that all defendants express consent to removal in a timely manner, there are three well-recognized exceptions to the unanimity rule: (1) where one or more of the defendants were not yet served with the initial pleading at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party defendant; and (3) where the removed claim is separate and independent claim under 28 U.S.C. § 1441(c). *Williams v. Howard University*, 984 F. Supp. 27, 30 n. 5 (D.D.C. 1997); *Kopff v. World Research Group*, 298 F. Supp. 2d. 50, 54 (D.D.C. 2003).

The second exception applies here. A nominal or formal party defendant is "one who is not indispensable to the controversy." *Salem Trust Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182, 189 (1923). It is well-established that official capacity lawsuits are merely another means of pleading an action against the entity against the entity of whom the officer is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Kentucky v. Graham*, 473

U.S. 159, 165-6 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978).  The Supreme Court has explicitly stated, "Suits against state officials in their official capacity . . . should be treated as suits against the state." *Graham*, 476 U.S., at 165.

In this case, Linda Argo is not indispensable to this controversy.  As an official capacity defendant, her presence in the lawsuit cannot be distinguished from that of the District of Columbia, the entity for whom she in an agent.  *See Watson v. District of Columbia*, 2005 U.S. Dist. LEXIS 16938, at *30 n.8 (D.D.C. July 18, 2005) ("A plaintiff who prevails in an official capacity suit must look to the government entity as the real party in interest."), *citing Graham*, 476 U.S., at 166.

Plaintiff's attempt to remand because Linda Argo failed to provide notice of consent for removal is wholly without merit.  Precedent on the exceptions to the doctrine of unanimity and on official party defendants is clear and unambiguous.  For purposes of this litigation, Linda Argo, sued in her official capacity, is the District of Columbia.  Consequently, under the accepted exception to the doctrine of unanimity, Linda Argo, as a nominal and formal defendant, was not required to express independent consent for purposes of removal.

## **CONCLUSION**

For the forgoing reasons, the District of Columbia respectfully requests this Court to deny Plaintiff's Motion to Remand to D.C. Superior Court.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Chad Copeland
CHAD COPELAND[1]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001
(202) 724-6623 (telephone)
(202) 727-0431 (fax)
chad.copeland@dc.gov

---

[1] DC Bar Application pending. Member of Texas Bar in good standing. Authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2008, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO D.C. SUPERIOR COURT** to be filed with the Clerk of the Court using the United States Electronic Filing system, which will send notification of such filing to:

Roxanne Neloms
James F. Brown & Associates, PLLC
1220 L Street NW, Suite 700
Washington, DC  20005

I further certify that on this 18th day of March, 2008, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO D.C. SUPERIOR COURT** to be served via United States mail, postage prepaid, on:

Clifford Dedrick
941 N. Capitol St., NE
Washington, D.C. 20002

By:     /s/ Chad Copeland/s/
        CHAD COPELAND
        Assistant Attorney General

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, individually and<br>　　d/b/a FINGERTIP NAIL SALON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 08-cv-00353<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Upon consideration of the Plaintiff's Motion to Remand to D.C. Superior Court, opposition thereto, and the entire record herein, it is, on this day,

**ORDERED**: that Plaintiff's Motion to Remand to D.C. Superior Court is hereby **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Henry H. Kennedy, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Serve upon:
All Counsel of Record