## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OK YEON CHO, et al., | ) | |
| | ) | Case No.:    08-cv-00353 HK |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS, DISTRICT OF COLUMBIA AND LINDA ARGO'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, OK YEON CHO, by and through the undersigned counsel and pursuant to applicable Federal Rules of Civil Procedure hereby files her Opposition to Defendants, DISTRICT OF COLUMBIA and LINDA ARGO's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereinafter the "Defendants' Motion"), and as grounds in support thereof states as follows:

1.      In the Defendants' Motion it is alleged that the Plaintiff has failed to exhaust her administrative remedies because the Plaintiff is currently litigating the subject matter of this lawsuit in the District of Columbia Office of Administrative Hearings.  This is an incorrect assertion as the only issue being adjudicated in the District of Columbia Office of Administrative Hearings is whether the Plaintiff should have to pay the $4,000.00 fines that were written.  The issues concerning whether the Plaintiff's Due Process rights have been violated, whether the Plaintiff suffered a pecuniary loss, and the seeking of a declaration as to whether additional infractions existed on the premises are not at issue in the administrative matter and the Plaintiff in no way seeking affirmative relief regarding these issues in that proceeding.

2.    The Defendants allege that the Plaintiff has failed to plead with the required specificity in her Complaint. The Plaintiff respectfully disagrees. It is clear that the Plaintiff is seeking a declaration, claiming that the Defendants violated her Due Process rights, and that the Defendants tortiously interfered with her ability to do business. Further, even if this Honorable Court determines that any of the counts of the Complaint are not pled with the necessary specificity, granting Summary Judgment is an extreme and inappropriate measure. The Plaintiff respectfully states that the appropriate course would be the granting of a dismissal, with leave to amend the Complaint.

3.    The Defendants allege that the Public Duty Doctrine bars the Plaintiff's suit. It is ludicrous to allege that the Defendants have a public duty to extort money from the Plaintiff under the color of State, which is the crux of the Plaintiff's allegations. The Public Duty Doctrine is also inapplicable to non-negligence based cases. Furthermore, even if the Public Duty Doctrine were to apply, the Plaintiff meets the exception to the rule.

4.    The Plaintiffs have a viable federal claim pursuant to 42 U.S.C. § 1983.

5.    The Plaintiff has propounded Discovery on the Defendant, THE DISTRICT OF COLUMBIA. The DISTRICT OF COLUMBIA has not yet provided responses to the Discovery request and therefore Summary Judgment is improper.

6.    Summary Judgment is not proper at this time because the Plaintiff has stated viable causes of action for which she is entitled to complete Discovery in this matter.

WHEREFORE, the Plaintiff respectfully requests that the Defendants' Motion be denied with prejudice and for any other relief deemed just and proper.

Respectfully submitted,


_____/s/_____

Roxanne D. Neloms, Esq. (Bar No. 478157)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
rneloms@jeblaw.biz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March 2008, a true and correct copy of the foregoing was filed with the Clerk of Court using the United States Electronic Filing system, served, which will send notification of such filing to:

Peter J. Nickles, Esq.
Interim Attorney General for the District of Columbia

George C. Valentine, Esq.
Deputy Attorney General, Civil Litigation Division

Ellen A. Efros, Esq.
Chief, Equity I

Chad Copeland, Esq.
Assistant Attorney General
441 4th Street, NW
Suite 600 South
Washington, D.C. 20001
COUNSEL FOR THE DISTRICT OF COLUMBIA
AND LINDA ARGO

I FURTHER CERTIFY that on this 28th day of March, 2008, a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid, to:

Cliff Dedrick
District of Columbia
Department of Consumer & Regulatory Affairs
941 North Capitol Street, N.W.
Washington, D.C. 20002

_____/s/_____
Roxanne D. Neloms, Esq. (Bar No. 478157)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
rneloms@jeblaw.biz

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OK YEON CHO, et al.,                    )
                                        )     Case No.:     08-cv-00353
            Plaintiffs,                 )
                                        )
    v.                                  )
                                        )
THE DISTRICT OF COLUMBIA, et al.,       )
                                        )
            Defendants.                 )
_____)

## PLAINTIFF'S STATEMENT OF FACTS NECESSARY TO BE LITIGATED

1.      The Defendants, by and through their agent and co-Defendant, CLIFF DEDRICK,

claimed the existence of additional infractions on the Plaintiff's premises pursuant to a May 17,

2007 inspection, despite the fact that no additional infractions were observed on the Plaintiff's

premises.

2.      The Defendants' attempts to assess fines that were not identified with specificity,

and to which the Plaintiff was granted no opportunity to be heard, are violations of the Plaintiff's

Due Process rights under 42 U.S.C. § 1983.

3.      The Defendants' tortuous acts caused a pecuniary loss to the Plaintiff because she

was unable to determine the substance of the additional violations that she has allegedly

committed.  Therefore, the Plaintiff could not sell the business in good faith.  Furthermore, the

fact that additional violations were alleged but not defined caused the Plaintiff to suffer

unnecessary delay in securing all necessary permits to re-open her business because time was

wasted attempting to find out exactly what the additional violations were.

4.      The Plaintiff was unable to seek outside employment because certain undisclosed

alleged violations could have concerned her personal licensure and/or fitness to work in her

trade.

5.    The District Defendants committed acts that ratified the Defendant, CLIFFORD DEDRICK's conduct or otherwise caused themselves to be liable for Defendant DEDRICK's actions.

6.    District Defendants are liable for Defendant DEDRICK's actions as a matter of law based on substantive factual determinations related to his conduct.

7.    The Defendants took affirmative steps that worsened the Plaintiffs situation.

8.    All facts relevant to liability.

9.    All facts relevant to damages.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OK YEON CHO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

Case No.:    08-cv-00353

## POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS, DISTRICT OF COLUMBIA AND LINDA ARGO'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

The Defendants, THE DISTRICT OF COLUMBIA and LINDA ARGO (hereinafter "District Defendants"), argue that (1) the Plaintiff has failed to exhaust her administrative remedies; (2) the Plaintiff has failed to allege any claim entitling her to relief from the District Defendants; (3) the claim is barred by the Public Duty Doctrine; and (4) because the Plaintiff has no viable federal claim, this matter should be dismissed. The District Defendants support their claims with misstatements of fact and irrelevant points. Therefore, this Honorable Court should deny the District Defendants' Motion and allow this matter to be adjudicated on the facts.

I.    **The administrative proceeding in the District of Columbia Office of Administrative Hearings is irrelevant to this lawsuit and the exhaustion of remedies doctrine does not apply because there are no administrative remedies available to the Plaintiff.**

The District Defendants allege that "Plaintiff's case is not ripe for consideration because she has not yet exhausted her administrative remedies." (See District Defendants' Motion at p. 2). This is a complete misstatement of fact because the only issue before the District of Columbia Office of Administrative Hearings (hereinafter the "OAH") is whether the Plaintiff

7

should be held liable for code infractions that are not at issue in this lawsuit. Further, the District

Defendants cite no administrative remedy available to the Plaintiff that will grant her the relief

sought in this lawsuit. In fact, she does not have a pending counterclaim in the OAH, nor does

she have any legal basis to raise a counterclaim or otherwise seek affirmative relief in the OAH.

Therefore, this Court is the sole appropriate forum for the Plaintiff to seek the relief requested in

this action.

    The doctrine of exhaustion of administrative remedies is not applicable where relief is not

available from the administrative agency. Reiter v. Cooper, 507 U.S. 258, 269 (1993). There is

no rule that permits the Plaintiff to seek any relief that she seeks in this matter in the OAH

matter. Further, even if it is determined that the doctrine of exhaustion applies, the proper action

by this Court would be the entry of a stay, not a dismissal of the action or the granting of

Summary Judgment. Id.

    The Government may institute a case against a person in the OAH by filing and serving a

Notice of Infraction. 1 DC ADC §2803.1. In the Notice of Infraction that is the subject of the

OAH matter, the Plaintiff is cited for violation of "D.C. Official Code 47-2851-02" and "D.C.

Official Code 47-2853-02". (See Notice of Infraction, attached hereto as Exhibit "A"). Whether

or not penalties assessed for Plaintiff's alleged violations of the aforementioned Codes should be

paid by the Plaintiff is not at issue in this lawsuit. The issues of this lawsuit are whether

additional infractions that were not included on the written Notice of Infraction ever existed, the

substance of the additional infractions, whether the Plaintiff is entitled to monetary compensation

for damages resulting from the Defendants failure to provide notice of the content of the

additional alleged infractions, and whether the conduct of the Defendants arise to a violation of

the Plaintiff's due process rights under 42 U.S.C. § 1983. (See Complaint). Absolutely none of

these issues are contained within the allegations in the Notice of Infraction.  (See attached "A").

Furthermore, the District Defendants cite no measure that allows the Plaintiff to seek affirmative

relief in the OAH or any other administrative agency.  Therefore, under <u>Reiter</u>, this matter is

properly before this Court.

The Defendants misrepresent the status of the OAH matter.  In their Motion, the

Defendants state that "(t)he next scheduled hearing date is April 17, 2008, at which point it is

anticipated that Plaintiff will present evidence consistent with her current plea to the Notice of

Infraction." (See Defendants' Motion at p. 5).  This is an absolute falsehood.  First, the

Defendants attach the OAH's Order Setting Second Status Conference as evidence that "Plaintiff

will present evidence consistent with her current plea to the Notice of Infraction." (Defendant's

Motion at p. 5-6).  However, the OAH's Order Setting Second Status Conference is a form status

conference Order, stating five specific matters that will be addressed.  (See Order Setting Second

Status Conference, attached as Exhibit "B").  These matters are basic "housekeeping" matters

intended to streamline the case so that it may be adjudicated efficiently at a subsequent time

when evidence is presented and facts are determined.  (See Exhibit "B").  Nowhere in the OAH's

Order does it state that the Plaintiff will present any evidence at the Second Status Conference.

(See attached "B").  Furthermore, nowhere in the Notice of Infraction or the OAH's Order does

it state that the Plaintiff has standing to raise claims for the relief sought in this lawsuit in the

OAH.  (See attached "A" and "B").

It should also be noted that Seth Diamond, Esq. who is representing the Plaintiff in the

OAH matter and Shakira D. Pleasant, Esq., who is representing the District Defendants in the

OAH matter entered into an agreement whereby they jointly requested a stay in the OAH

proceedings pending the outcome of investigations related to the conduct of the Defendant,

9

CLIFF DEDRICK. (See attached "C"). The Administrative Judge in the OAH agreed to the joint request for a stay and re-set the initial status conference to April 17, 2008. (See attached "A"). Therefore, the only matters to be determined at the April 17, 2008 status conference are whether the parties agree to continue the stay and, if not, the matters set forth in the OAH's Order Setting Second Status Conference. (See attached "A"). The allegation that the Plaintiff will present evidence to the OAH on April 17, 2008, let alone evidence intended to adjudicated the issues before this Honorable Court, is at best a misinterpretation of the status of the OAH case and at worst a misrepresentation to this Honorable Court.

Because the matters being adjudicated in the OAH are not the same matters being claimed in this lawsuit, and because the Plaintiff is not entitled to relief in the OAH matter, the doctrine of exhaustion is not applicable and therefore the District Defendants' Motion must be denied.

## II.    The Complaint clearly pleads causes of action for which relief may be granted.

In their Motion, the District Defendants state that the factual allegations in the Complaint are insufficient to provide the Defendants with notice of the claims against them. The Defendants then enter into a discussion of how a Motion to Dismiss is converted into a Motion for Summary Judgment in an effort to allege that the Complaint is insufficient evidence to support a finding that the Plaintiff is entitled to relief and that the District Defendants are entitled to summary relief. This attempt is improper and premature. In the District Defendants' Motion, they state, "(i)f a court considers materials outside the pleadings in a ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must convert the motion to dismiss into a motion for summary judgment." (See District Defendants' Motion at p. 7). Further, the District Defendants correctly state the standard for granting of Summary Judgment as stating that the

10

moving party must "identify those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact." (See District Defendant's Motion at p. 7). However, the District Defendants rely on no depositions, answers to interrogatories, admissions on file, or affidavits. (See District Defendants' Motions). The only "evidence" or "materials outside the pleadings" that the District Defendants present are unsworn statements of the Defendants' employees that merely recite legal standards for licensure of a beauty salon. (See District Defendants' Motion). The Plaintiff does not make any allegations in her Complaint regarding these legal standards. (See Complaint). Therefore, the Defendant merely relies on the Plaintiff's Complaint as "evidence" to support their Motion for Summary Judgment. Because no materials outside of the pleading are properly before this Court, the Court should treat the District Defendants' Motion as a Motion to Dismiss.

<blockquote>

**A.    If this Honorable Court determines that the Defendants' Motion is a Motion to Dismiss, it should be denied.**
</blockquote>

When ruling on a Motion to Dismiss based on an alleged failure to state a claim, the Court must assume the allegations in the Complaint are true. <u>Land v. Dollar</u>, 330 U.S. 731, 734-5 (1947). Assuming the facts in the Complaint are true, it is clear that the Plaintiff has stated three (3) cognizable causes of action.

The Defendants merely allege a conclusory statement that the 42 § U.S.C. § 1983 claim fails to specify a "property or liberty interest." (See District Defendants' Motion at 7). However, the Plaintiff has clearly alleged that she has been deprived of a property and/or liberty interest because, as a result of the Defendants' conduct "she has not been able to re-open for business, sell her business, or otherwise seek employment since May of 2007." (See Complaint at ¶ 16). A plain reading of the Complaint clearly shows that the Plaintiff is alleging that the

Defendants, through their agent, and under the color of State, failed to provide adequate notice of additional code violations and failed to provide an opportunity to defend, based on the fact that the Plaintiff was never advised as to the substance of the non-documented violations and that they were not run through the District Defendants' internal computer system, thereby allowing the Plaintiff to access the information or contest the additional infractions in the OAH. It is axiomatic that Due Process requires notice and an opportunity to defend. Propert v. District of Columbia, 292 U.S. App. D.C. 219, 223-4 (1991). Therefore, the Plaintiff's Due Process claim is proper.

The Defendants allege that the Plaintiff has failed to plead a cause of action entitling her to recover pecuniary damages. (See District Defendants' Motion at p. 7-8). The basis of the District Defendants' position is that the Plaintiff has asserted only boilerplate language that "Defendants have voluntarily and intentionally engaged in conduct to extort the Plaintiff" and "Defendants have voluntarily and intentionally engaged in conduct to harass the Plaintiff". (See District Defendants' Motion at p. 11). The District Defendants also argue that the Plaintiff has failed to allege facts supporting the aforementioned allegations. (See District Defendants' Motion at p. 11). However, this argument completely ignores paragraphs 7-19 of the Complaint, which were incorporated into Count II. (See Complaint). It is clear that these allegations of fact support the allegations of extortion and harassment which, in turn, caused a pecuniary loss.

The District Defendants continue to argue that the Plaintiff's pecuniary loss claim is unclear. (See District Defendants' Motion at p. 11). Once again, a plain reading of the Complaint shows that the Plaintiff has alleged that the business could not re-open, could not be sold, and the Plaintiff could not seek other employment as a result of the tortuous conduct of the Defendants. (See Complaint at ¶ 16 and ¶ 27). In order to sustain a claim for Tortious

Interference, a Plaintiff must plead (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) damage. Langer v. The George Washington University, 498 F.Supp.2d 196, 201-2 (D.D.C. 2007). In the Complaint, the Plaintiff has alleged the existence of a business relationship or expectancy. (See Complaint a ¶ 7 and ¶ 16). Although not specifically pled, it can reasonably be inferred that the Defendant had knowledge of the relationship or expectancy based on the fact that it is alleged that he inspected her place of business and that his job was inspecting places of business. The Plaintiff has clearly pled intentional interference with the relationship or expectancy. (See Complaint at ¶ 7-19 and ¶ 25). Lastly, the Plaintiff clearly pleads damages. (See Complaint at ¶ 27). The Plaintiff concedes that Count II of her Complaint would be more descriptive if it were entitled "Tortious Interference with Business Relations or Economic Advantage", but believes that it is a mere formality and unnecessary.

Lastly, the District Defendants claim that "Plaintiff's claim for declaratory relief involves no case-or-controversy and is merely a request for an advisory legal opinion." (See District Defendant Motion at p. 8). The District Defendants continue to argue that the "Plaintiff is asking the Court to declare whether or not she has complied with the District's permit and licensing requirements." (See District Defendant's Motion at p. 13). This, once again is a misrepresentation, as it is clear that the Plaintiff is seeking a declaration as to "whether any evidence exists that additional infractions exist on the Plaintiff's premises and/or existed on the Plaintiff's premises at the time of the May 17, 2007 inspection." (See Complaint at ¶ 21). The District Defendants have asserted that the Plaintiff is seeking legal advise but have not supported their argument with any legal standard that would illustrate how the Plaintiff's request for a

declaration of fact is the equivalent of seeking legal advise.  It is clear that the Plaintiff is seeking

a declaration of fact which such determination is necessary; to wit, the existence of additional

infractions at the time of the Defendants' inspection.  The District Defendants attempt to "cloud

the water" by confusing the issue of whether the Plaintiff met licensing requirements with the

issue of whether the Defendants actually observed additional infractions on the Plaintiff's

premises at the May 17, 2007 inspection.

> **B.** **If this Honorable Court determines that the District Defendants'**
> **Motion is a Motion for Summary Judgment, it should be denied.**

It has long been held that "a party opposing summary judgment needs a 'reasonable

opportunity' to complete discovery before responding to a summary judgment motion." Elliott

v. Federal Bureau of Prisons, 2006 WL 3826930, 4 (D.D.C. 2006), *quoting* Khan v. Parsons

Global Servs. Ltd., 428 F.3d 1079, 1087 (D.C.Cir.2005).  Furthermore, "the D.C. Circuit has

determined that 'other documents filed by the plaintiff-such as opposing motions and outstanding

discovery requests-[may suffice] to alert the district court of the need for further discovery and

thus serve[ ] as the functional equivalent of [a Rule 56(f) ] affidavit.'" Elliot at 4, *quoting* First

Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C.Cir.1988).  Based on a review of

the record in this matter, it is clear that the granting of Summary Judgment is premature at this

time.  This matter was filed less than two (2) months ago. (See Complaint).  Defendant, CLIFF

DEDRICK, has not yet been served with process and the time requirements for service of

process have not yet expired. (See record).  Furthermore, the Plaintiff has propounded

Discovery on the Defendant, THE DISTRICT OF COLUMBIA, in the form of a Request for

Production, that remains outstanding. (See attached Exhibit "D").  Also, the Plaintiff has

propounded Interrogatories to be served on the Defendant, CLIFF DEDRICK, at the time he is

served. (See attached Exhibit "E").  It is logical that the Plaintiff will seek to take multiple

Depositions and conduct additional written Discovery in the future based on investigation and information gathered via the Defendants' Discovery responses and the Plaintiff intends to do so.

Because this matter is not even two (2) months old, Discovery is outstanding, the Plaintiff intends on conducting additional Discovery in the future, the Plaintiff is entitled to a reasonable opportunity to conduct Discovery, and because the District Defendants have provided no sufficient evidence to support the granting of their Motion for Summary Judgment, the District Defendants' Motion for Summary Judgment should be denied.

### III.    The Public Duty Doctrine is irrelevant to this action.

In their Motion, the District Defendants correctly state that under the Public Duty Doctrine, "(a) government and its agents owe no duty to provide public services to particular citizens as individuals. Absent some 'special relationship' between the government and the individual, the District's duty is to provide public services to the public at large." Hines v. District of Columbia, 580 A.2d 133, 136 (D.C. 1990). The District Defendants continue to correctly state that "Under the Public Duty doctrine, 'the District cannot be sued if the duty it owed was a general duty to the public at large." However, the District Defendants' argument fails on three grounds. First, the Public Duty Doctrine is inapplicable as a matter of law. Second, the District of Columbia does not have a public duty to harass and extort its citizens. Third, a special relationship existed between the parties and therefore, even if the Public Duty Doctrine applies, the facts alleged by the Plaintiff meet the exception to the Public Duty Doctrine.

### A.    The Public Duty Doctrine is inapplicable.

The Public Duty Doctrine is inapplicable if the conduct of the State actually worsens the Plaintiff's condition. Johnson v. District of Columbia, 580 a.2d 140, 142 (D.C. 1990), *citing*

Weeda v. District of Columbia, 521 A.2d 1156 (D.C.1987). In fact, the District has a duty to "avoid any affirmative acts which make [the victim's] situation worse." Id. at p. 142 n.3. Here, it cannot be argued that the Plaintiff has failed to allege that the District Defendants, through the acts of their agent, CLIFF DEDRICK, took affirmative steps that worsened the Plaintiffs situation; to wit, that he either fabricated additional infractions in an attempt to extort money from the Plaintiff, or that his failure to adhere to internal procedures and applicable law regarding filing and service of Notices of Infractions are affirmative steps that caused that Plaintiff to suffer a pecuniary loss and a Due Process violation that would not have otherwise existed had the Defendants simply cited the Plaintiff for violations existing on the premises and adhered to all applicable laws, policies and procedures. The Plaintiff alleges that the "enforcement of these regulatory code restrictions falls within the broad array of activities embraced by the Public Duty doctrine." (See District Defendants' Motion at p. 14). Once again, the District Defendants have misstated the actual allegations in this lawsuit. It is not the mere enforcement of regulatory codes that is at issue in this matter, it is the affirmative acts of the Defendants that worsened the Plaintiff's condition. (See Complaint).

It should be noted that the Public Duty Doctrine has only been applied to cases involving negligence of a State actor. There is no negligence claim made in this matter and there is no case law to support a contention that the Public Duty Doctrine is applicable to any cause of action except negligence. (See Complaint). The District Defendants state that the case of Auto World, Inc. v. District of Columbia, is factually analogous to this case. (See District Defendants' Motion at p. 15). This assertion is incorrect. The facts in Auto World, Inc. involved a D.C. Department of Motor Vehicles employee negligently representing the status of a vehicle title. Id. In this lawsuit, it is not alleged that the Defendants were negligent in providing inaccurate

16

information.  (See Complaint).  Instead, it is alleged that the Defendants actions were *intentional or reckless*.  (See Complaint at ¶ 7-19 and 33).  Furthermore, in <u>Auto World, Inc.</u> and other cases regarding the Public Duty Doctrine, the alleged tortfeasers were following statutes and/or policies and procedures.  <u>Id.</u>  In this matter, it is alleged that the Defendants failed to follow statutes and/or policies and procedures.  (See Complaint at ¶ 10 and 12-17).

Therefore, for the reasons stated above, the Public Duty Doctrine is inapplicable to this matter.

### B.       The District of Columbia does not have a public duty to extort, harass, and violate the Due Process rights of its citizens.

The Public Duty Doctrine applies where the government is providing public services to the citizens as a whole.  <u>Hines v. District of Columbia</u>, 580 A.2d 133, 136 (D.C. 1990).  As has been stated repeatedly, this lawsuit is based on acts that were above and beyond merely providing the public service of citing those who are in violation of District of Columbia municipal regulations.  (See Complaint).  This lawsuit is based on intentional acts of State actors and failure to adhere to law and internal policies and procedures.  (See Complaint).  Therefore, the District Defendants, in essence, are arguing that the acts alleged in the Complaint are merely acts in furtherance of a public duty to the citizens of the District of Columbia.  (See Complaint and District Defendants' Motion).  The acts alleged in the Complaint are intentional acts that amount to extortion, harassment, and Due Process violations.  (See Complaint).  Certainly it cannot be argued that the District of Columbia has a public duty to extort, harass, and violate the civil rights of its citizens.

### C.       A special relationship exists between the parties.  Therefore, even if the Public Duty Doctrine were to apply, the Plaintiff would meet an exception to the Doctrine.

As stated above, the Public Duty Doctrine does not apply where a special relationship exists between the State and the Plaintiff. Hines at 136. The Courts have devised a two-prong test to determine if a special relationship exists between the parties. Auto World, Inc. v. District of Columbia, 627 A.2d 11, 13-14 (D.C. 1993), *citing* Platt v. District of Columbia, 467 A.2d 149, 151 (D.C. 1983). In order to show a special relationship, the Plaintiff must show (1) direct or continuing contacts between the Plaintiff and the District, and (2) justifiable reliance. Id. This test is referred to as the Platt test. Id.

In this matter, the Plaintiff clearly meets the requirements of the Platt test. The Plaintiff and the District of Columbia had continuing contacts in the form of CLIFF DEDRICK's inspection of the premises, the Plaintiff's multiple attempts to resolve the matter directly with Defendant DEDRICK, and Plaintiff's counsel's attempts to resolve this matter with Defendant DEDRICK, the mayor of the District of Columbia, Defendant, LINDA ARGO, Defendant DEDRICK's supervisor, Kevin Carter, the District of Columbia Attorney General, and The District of Columbia Office of Consumer and Regulatory Affairs Supervisory Investigator, Justo Diaz. (See Complaint at ¶8, 9, 11-14, and 18, and composite Exhibit "F"). Furthermore, the direct and continuing contacts between the Plaintiff and the District of Columbia exist based on the fact that after Plaintiff's counsel at the time attempted to resolve the matter and brought the matter to the attention of additional individuals serving in the District of Columbia government. (See attached Exhibit "F"). Further, the District Defendants continued contact with the Plaintiff when the written Notices of Infraction were re-dated and served. (See Complaint at ¶ 13 and Exhibit "F"). Clearly, there was a pattern of direct *and* continuing contact between the Plaintiff and/or her agents and the District Defendants. Furthermore, the second prong of the Platt test is satisfied because clearly the Plaintiff relied on the Defendant's statements that additional

unwritten violations existed on the premises at the time of the May 17, 2007 inspection. (See Complaint and Exhibit "F"). The District Defendants can hardly argue that reliance on the statements Defendant DEDRICK that additional infraction existed on the premises was unjustified in light of the fact that it was his job to inspect and identify code violations at establishments such as the Plaintiffs. (See Complaint). This Honorable Court would have to believe that citizens of the District of Columbia should not be justified in relying on the representations of agents of the government of the District of Columbia in order to hold that the Plaintiff is not justified in relying on such statements. Therefore, it is clear that even if the Public Duty Doctrine applies, the Plaintiff clearly meets the exception under the two prong Platt test because she had continuing contacts with the Defendants and justifiably relied on the Defendants' representations.

Therefore, because the Public Duty Doctrine does not allow a State actor to worsen a Plaintiff's condition; the doctrine is only applicable to Negligence cases; the doctrine does not stand for the proposition that the District of Columbia has a public duty to extort its citizens and violate their civil rights; and that even if the Public Duty Doctrine did apply, the Plaintiff meets the exception, the District Defendants Motion must fail as a matter of law.

## IV. Conclusion

For the reasons stated above, the District Defendants' Motion should be denied. In the alternative, should this Honorable Court grant the Defendant's Motion to Dismiss, the Plaintiff respectfully requests a dismissal without prejudice with leave to file an Amended Complaint.

WHEREFORE the Plaintiff respectfully requests that the District Defendants' Motion be denied and for any other relief deemed just and proper.

Respectfully submitted,


_____/s/_____
Roxanne D. Neloms, Esq. (Bar No. 478157)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
rneloms@jeblaw.biz

# EXHIBIT "A"

FROM : CHO,DAVID                    PHONE NO. : 703 448 8799              DEC. 11 2007 12:35PM P2

GOVERNMENT OF THE DISTRICT OF COLUMBIA

## NOTICE OF INFRACTION

Notice No. S70084

| Issuing Agency: | ☐ DOH | ☐ DMH | ☒ DCRA | ☒ 1st NOI | 1817 107 |
| | ☐ CFSA | ☐ FEMS | ☐ Other | ☐ 2nd NOI (1st NOI No. ) | Date of Service |

3413 WISCONSIN Ave. NW
Location of Infraction:   Type of Location: ☐ Vacant Lot  ☐ Construction Site  ☐ Occupied  ☐ Other

Respondent/Company Name    CHO, YEON OK    Charge as Respondent (circle): YES  NO    Telephone Number 202 365-556

Individual Notice (Last, First, Middle)    Yeole  Buckland Pl    Charge as Respondent (circle): YES  NO    Telephone Number

Mailing Address    Lorton  VA  22079    
City    State    Zip Code

Business License/Permit Type HOP 104803    Business License/Permit No.    Noak-Beauty Shop

You are charged with violating the District of Columbia laws or regulations stated below. You MUST SIGN and RETURN this form WITHIN 15 DAYS of the date of service. You must also indicate below each Infraction whether you ADMIT, ADMIT WITH EXPLANATION or DENY. Instructions on back.

If you DENY one or more of the Infractions, you must timely sign and return this form as your answer. If you do so, a hearing in your case is prescribed on the _____ day of _____, at _____ AM / PM at the following location:

Office of Administrative Hearings,  _____  Suite  _____  Washington, D.C.

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
| DC official Code 47-2851-02 | $2,000.00 | $ |

Name of Infraction Engaging in a Business without a Public Health Accommod...
Date of Infraction 5/17/07    Time of Infraction 2:00 A    Provision Infraction Occurred

ANSWER: ☐ ADMIT (Pay Fine)  ☐ DENY (Appear for a Hearing)  ☐ ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
| DC official Code 47-2853.02 | $2,000.00 | $ |

Name of Infraction Failing to Attempting to Refusing to Producing License(s)
Date of Infraction 5/17/07    Time of Infraction 2:00    Provision Infraction Occurred    1    2    3    4

ANSWER: ☐ ADMIT (Pay Fine)  ☐ DENY (Appear for a Hearing)  ☐ ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

Total Fines and Penalties $ 4,000.00
Total Administrative Fees $ 16.00
Total Amount Due for ALL Infractions $ 4,016.00

**WARNING:** Failure to answer (as reversed) each Infraction on this Notice within 15 days of the date of service by signing and returning this form will result in assessment of a penalty equal to and in addition to the specified amount of the fine. You also may be subject to other penalties and actions allowed by law including suspension and non-renewal of your license or permit, the sealing of your business, a lien being placed on your property, and attachment of your equipment. If this is your second Notice for the charges, your failure to respond within 15 days of the date of service will result in the assessment of a penalty equal to twice the amount of the fine. For legal advice consult an attorney. This Notice and Information obtained through this proceeding may be used for evaluation under applicable law including 43 CFR Ch. 43 and for any proceeding under 43 CFR Ch. 43J. For information call (202) 442-4581.

I hereby certify that I served each Notice which corresponds to a Statutory citation charged has been completed.

Inspector's/Investigator's Signature  CARRICK    Print Name  CARRICK    Date  5/17/07    Badge/Identification Number  530

I sign my name below to acknowledge receipt of this Notice of Infraction and not as an admission of guilt or liability to the charge(s) listed.

Respondent's Signature    CK Yeon Cho    Print Name    5/16/07    Date    2:30pm-58



☒ OAR (WHITE)    RESPONDENT (YELLOW)    INSPECTOR (PINK)    RECORD/HEARING (GOLDENROD)
Form OAR-422, Rev. 12-04

---

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
Business and Professional License Administration
Business License Division

# CERTIFICATE

I HEREBY CERTIFY that a search of the official licensing records in the Business License Division for Ok Yeon Cho t/a Fingertip Nails revealed that:

No Basic Business License Public Health: Public Accommodation license endorsement for "Massage Establishment" has been issued for the premise 3413 Wisconsin Avenue, N.W. Washington, DC 20016 for the period of November 1, 2005 to the present.

EXHIBIT "B"

### DISTRICT OF COLUMBIA
#### OFFICE OF ADMINISTRATIVE HEARINGS
941 N. Capitol Street, NE, Suite 9100
Washington, DC 20002

DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND
REGULATORY AFFAIRS
   Petitioner,

v.

YEON OK CHO
   Respondent

Case No.: CR-I-07-S700841

---

## ORDER SETTING SECOND STATUS CONFERENCE

This Order sets the above-captioned case for a second status conference at **1:30 PM** on **April 17, 2008.** At the first status conference on February 14, 2008, Attorneys Lori S. Parris and Shakira D. Pleasant appeared for the Government. Attorney Seth W. Diamond appeared for the Respondent and changed her plea to Admit with Explanation. Counsel agreed to have this case designated as "complex" in the event discovery becomes necessary. Counsel also agreed to continue this matter for 60 days

**WHEREFORE,** it is this 15th day of February 2008

**ORDERED,** that counsel for both parties shall appear for a status conference at **1:30 PM** on **April 17, 2008** at the Office of Administrative Hearings, 941 N. Capitol Street, NE, Suite 9100, Washington, DC. If counsel wishes to reschedule the conference, they must first confer and then file a motion to continue the conference to an alternative date; and it is further

**ORDERED**, that at the status conference, counsel shall be prepared to discuss the following:

1.  The possibility of settling the entire care or one or more subsidiary issues;

2.  Possible admissions and stipulations of material fact;

3.  Expected pre-trial motions;

4.  Setting the case for mediation or an evidentiary hearing;

5.  Any other issues that will help resolve this matter promptly and efficiently with or without a hearing; and it is further

**ORDERED**, that counsel shall confer about the aforementioned issues prior to the status conference (in person or by telephone), and be prepared to certify to the same; and it is further

**ORDERED**, that because timely compliance with this Order is necessary to ensure a fair and orderly disposition of the case, should a party fail to comply with the requirements of this Order, this case shall be subject to the entry of an appropriate order of dismissal or default pursuant to OAH Rule 2818; 1 DCMR 2818; and it is further

**ORDERED**, that the parties and their attorneys shall comply with all applicable OAH Rules of Procedure set forth in the Title 1, Chapter 28 of the District of Columbia Municipal Regulations. 1 DCMR 2800.


Scott A Harvey
Administrative Law Judge

Case No.: CR-I-07-S700841

## CERTIFICATE OF SERVICE

**By Facsimile and**
**U.S. Mail (Postage Paid):**

Seth W. Diamond, Esquire
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005
**TEL: (202) 742-2000**
**FAX: (202) 742-2098**

*Counsel for Respondent*
*Yeon Ok Cho*

I hereby certify that on $\underline{2 / 14}$ ,
2008 this document was caused to be served
upon the parties named on this page at the
addresses listed and by the means stated.

_____
Clerk / Deputy Clerk

**By Facsimile and Inter-Agency Mail:**

Lori S. Parris, Esquire
Shakira D. Pleasant, Esquire
DEPARTMENT OF CONSUMER AND
 REGULATORY AFFAIRS
Office of the General Counsel
941 North Capitol Street, NE
Suite 9400
Washington, DC 20002
**TEL: (202) 442-8557**
**FAX: (202) 442-9447**

*Counsel for Petitioner DCRA*

Jill Stern, Esq.,
General Counsel
Department of Consumer and Regulatory
Affairs
941 North Capitol Street NE, Suite 9400
Washington, DC 20002

-3-

# EXHIBIT "C"

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OK YEON CHO, et al.,                     )
                                         )    Case No.:    08-cv-00353
        Plaintiffs,        )
                                         )
    v.                                 )
                                         )
THE DISTRICT OF COLUMBIA, et al.,        )
                                         )
        Defendants.        )
_____  )

### AFFIDAVIT OF SETH W. DIAMOND, ESQ.

1.     My name is Seth W. Diamond and I am employed as an attorney at the law firm of James E. Brown & Associates, PLLC.

2.     The statements in this Affidavit are based on my personal knowledge.

3.     In November of 2007 I was retained to represent Ok Yeon Cho regarding the matters that are the subject of the lawsuit that is captioned above.

4.     As a result of my retention, I am currently representing Ms. Cho in the matter before the District of Columbia Office of Administrative Hearings, which is referred to in the District Defendants Motion to Dismiss or, in the alternative, Motion for Summary Judgment (the "OAH matter").

5.     Shakira Pleasant, Esq. represents the District of Columbia Department of Consumer and Regulatory Affairs in the OAH matter.

6.     The first Status Conference in the OAH matter took place on February 14, 2008. Prior to that conference Ms. Pleasant and I entered into an agreement to stay the OAH matter pending the outcome of investigations regarding the conduct of Cliff Dedrick.

7.     At the Status Conference, the Administrative Law Judge, the Honorable Scott A.

Harvey, granted our joint request for a stay and re-set the Status Conference for April 17, 2008. The matter was re-set for the purpose of checking the status of the stay and seeing if the parties agree to continue to stay the matter. If we do not agree to continue the stay, we will be prepared to discuss the matters outlined in the OAH's Order Setting Second Status Conference and no other matters.

8.    I will not, nor do I intend to present any evidence at the April 17, 2008 Status Conference and believe that any attempt to do so would be improper under the Order Setting Second Status Conference.

9.    I know of no administrative remedies in the OAH or any other District of Columbia administrative agency that will allow for the relief sought in the above captioned lawsuit.

10.    I declare under penalty of perjury that the foregoing is true and correct.

STATE OF _District_                )
                                                    ) ss:
COUNTY OF _Columbia_        )

BEFORE ME, the undersigned authority, personally appeared Tiffany Cox who, being by me first duly sworn, deposes and says that the answers contained in the foregoing Interrogatories are true and correct to the best of (his) (her) knowledge and belief and that (he) (she) executed the same.

SWORN TO AND SUBSCRIBED before me this 28th day of March, 2008.

NOTARY PUBLIC

Kelly Dau
Notary Public, District of Columbia
My Commission Expires 1-1-2010

My Commission expires:

EXHIBIT "D"

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

CIVIL DIVISION

*Due - 3|19|08 changed date (TXO)*

OK YEON CHO, Individually
7626 Buckland Place
Lorton, Virginia 22079

C. A. No.:

and

0000687-08

Judge:

OK YEON CHO d/b/a
FINGERTIP NAIL SALON
3413 Wisconsin Avenue
Washington, D.C. 20016,

            Plaintiffs,

        v.

THE DISTRICT OF COLUMBIA
Serve: Mayor Adrian M. Fenty
1350 Pennsylvania Avenue, N.W.
Suite 600
Washington, D.C. 20004

Serve: Peter Nickles, Esq.
Corporate Counsel, District of Columbia
441 4th Street, N.W.
Suite 1060 North
Washington, D.C. 20001

Serve: Office of Risk Management
ATTN: Claims
441 4th Street, NW
Suite 800 South
Washington, DC 20001

and

LINDA ARGO
Director
District of Columbia -
Department of Consumer and Regulatory Affairs
941 North Capitol Street, NE
Washington, DC 20002

_____

and

CLIFF DEDRICK
941 North Capitol Street, NE
Washington, DC 20002

      Defendants.

_____/

## REQUEST FOR PRODUCTION TO DEFENDANT, THE DISTRICT OF COLUMBIA

COMES NOW the Plaintiff, OK YEON CHO, individually and d/b/a FINGERTIP NAIL

SALON, by and through the undersigned counsel and in accordance and in accordance with D.C.

Rule of Civil Procedure 34, and request the Defendant, THE DISTRICT OF COLUMBIA, to

produce to the undersigned, the following:

    1.    Copies of any and all statements taken of the Plaintiffs regarding the matters at issue.

    2.    All of the tangible things within the possession, custody, or control of the Defendant

upon which the defenses and counterclaims herein are based, including, but not limited to, writings,

drawings, graphs, charts, photographs, movies, slides, film, video tape, phonograph records and

other recording devices, instruments, equipment, real and person property, objects, goods and/or

vehicles or operations.

    3.    Any and all reports and other notations and/or documentation regarding the

reporting and/or investigation of the matters at issue.

    4.    The entire employee file for CLIFF DEDRICK.

    5.    Any and all materials related to OK YEON CHO and/or FINGERTIP NAIL

SALON.

    6.    Any records of any other complaints that DCRA staff attempted to elicit direct

payment for Notices of Infraction, attempted to collect on Notices of Infraction that were never

written and/or run through the DCRA computer system, or otherwise extort money from an individual or entity.

    7.      Any and all policies regarding DCRA investigator work schedules.

    8.      Any and all materials stating the identity of any and all individuals who have investigated any claims that are the subject of this lawsuit.

    9.      Any reports or other materials regarding investigation of the claims that are the subject of this lawsuit.

    10.      Any and all materials regarding any complaints made regarding the conduct of CLIFF DEDRICK.

    11.      All documents and items specified in your Answers to Interrogatories.

    12.      Any and all evidence of additional Infractions that existed on or at the Plaintiff's premises that were not identified in the written Notice of Infraction, attached as Exhibit "A" to the Plaintiff's Complaint.

    13.      Any and all records of complaints against any agent or employee of DCRA that were made over the past three (3) years.

### CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with the Complaint in this matter.

    Seth W. Diamond, Esq. (Bar No. 501308)
    James E. Brown & Associates, PLLC
    1220 L Street, NW, Suite 700
    Washington, DC 20005

    202-742-2000 (phone)
    202-742-2098 (fax)
    sdiamond@jeblaw.biz

SWD

EXHIBIT "E"

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

CIVIL DIVISION

Re
3/17/08

OK YEON CHO, Individually
7626 Buckland Place
Lorton, Virginia 22079

and

OK YEON CHO d/b/a
FINGERTIP NAIL SALON
3413 Wisconsin Avenue
Washington, D.C. 20016,

   Plaintiffs,

  v.

THE DISTRICT OF COLUMBIA
Serve: Mayor Adrian M. Fenty
1350 Pennsylvania Avenue, N.W.
Suite 600
Washington, D.C. 20004

Serve: Peter Nickles, Esq.
Corporate Counsel, District of Columbia
441 4th Street, N.W.
Suite 1060 North
Washington, D.C. 20001

Serve: Office of Risk Management
ATTN: Claims
441 4th Street, NW
Suite 800 South
Washington, DC 20001

and

LINDA ARGO
Director
District of Columbia -
Department of Consumer and Regulatory Affairs
941 North Capitol Street, NE
Washington, DC 20002

C. A. No.:  0000667-08

Judge:

and

CLIFF DEDRICK
941 North Capitol Street, NE
Washington, DC 20002

        Defendants.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, CLIFF DEDRICK

COMES NOW the Plaintiff, OK YEON CHO, individually and d/b/a FINGERTIP NAIL

SALON, by and through the undersigned counsel, and hereby serves notice of service of the

attached Interrogatories upon the Defendant, CLIFF DEDRICK to answer fully, under oath, and

in accordance with D.C. Rule of Civil Procedure 33:

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with

the Complaint in this matter.

Seth W. Diamond, Esq. (Bar No. 501308)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
sdiamond@jeblaw.biz

SWD

### INTERROGATORIES TO DEFENDANT, CLIFF DEDRICK

1.  What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.  Please state each and every code violation and/or infraction that you observed on the Plaintiff's premises on May 17, 2007, regardless of whether an actual Notice of Infraction was ever drafted.

3.  Please state if you have ever issued a Notice of Infraction and failed to comply with DCRA rules and regulations regarding entry of the Notice of Infraction into the DCRA computer system.  If yes, please state:

    a.  The name, address, and telephone number of the individual or entity.

    b.  The date you issued the Notice of Infraction(s) and the date it/they were entered into the computer system.

    c.  The entity that payment of the Notice(s) of Infraction were made payable to, if paid.

    d.  Any disciplinary action taken against you.

STATE OF _____          )
                                    ss:
COUNTY OF_____          )


     BEFORE ME, the undersigned authority, personally appeared  _____ who, being by me first duly sworn, deposes and says that the answers contained in the foregoing Interrogatories are true and correct to the best of (his) (her) knowledge and belief and that (he) (she) executed the same.


     SWORN TO AND SUBSCRIBED before me this ___ day of _____, 20_____.


NOTARY PUBLIC


My Commission expires:

EXHIBIT "F"

# Seth Diamond

**From:**    Diaz, Justo (DCRA) [Justo.Diaz@dc.gov]
**Sent:**    Friday, December 14, 2007 2:31 PM
**To:**      Seth Diamond
**Subject:** NOI Process

Seth, First and foremost, I do wish to apologize to your client for all the problems she has had in attempting to resolve the NOI matter.

It was great to have met with you and your client yesterday.

I did get your voicemail yesterday, thanks.

I don't know if you have already have started the request a hearing process and I know that you already know this but just as a "Fail Safe" I just want to let you to know that your Client has until 12/27/07 to request a hearing.  In addition I was told by the OAH Advocate (Mr. Lang 202-442-8922) that your client should mark the "Deny" section of the NOI.

However, your client, if she is inclined, can just come in and pay the $4,000.

Thank you again for bringing this matter to our attention.


Justo Diaz
Supervisory Investigator
Office of Service Integrity
Department of Consumer and Regulatory Affairs
941 North Capital Street, NW
Room 9521
Washington, DC 20002
202-442-8556 (Telephone)
202 442-9449 (Fax)

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS

Office of Regulatory Investigations



November 27, 2007

Mr. Seth Diamond
James A. Brown & Associates, PLLC
Attorneys at Law
1220 L Street, NW Suite 700
Washington DC 20005

Dear Mr. Diamond:

This letter is in response to your complaint regarding a Notice of Infraction issued to your client by investigator Clifford Dedrick. Please accept my apologies for your frustrating experience. It is not the policy of our office to delay processing of notices of infractions. This was an isolated incident where the requirements for submission of a personally served notice were not adhered to. As a result of your letter I have ensured that the notice has been moved forward to the appropriate administration. The assessed fine is $4000 as indicated on the notice. Effective immediately your client can either request a hearing with the Office of Administrative Hearings or pay the assessed fine.

I will conduct further investigation into this matter and administer discipline if warranted. I will also ensure that your correspondence is received by our Office of Service Integrity for an additional review. My office is committed to ensuring quality customer services to visitors, citizens and businesses in the District.

If you have any other concerns regarding this matter please feel free to contact me.

Sincerely,

Kevin B. Carter
Supervisory Investigator
Department of Consumer and Regulatory Affairs
Regulatory Investigations Section
941 North Capitol Street, NE. Suite 9400
Washington DC 20002
(202) 442-8558
kevin.carter@dc.gov

FM : CHO, DAVID          PHONE NO. : 703 440 8795          NOV. 06 2007 04:53PM P1

GOVERNMENT OF THE DISTRICT OF COLUMBIA

# NOTICE OF INFRACTION

Notice No. _____

Issuing Agency:  [ ] DOH   [ ] DMH   [X] DCRA   [ ] 1st NOI
                 [ ] CFSA  [ ] FEMS  [ ] Other _____   [ ] 2nd NOI (1st NOI No.)

Date of Service _____

Location of Infraction: _3413 Wisconsin Ave. NW_

Type of Location:  [ ] Vacant Lot   [ ] Construction Site   [ ] Occupied   [ ] Other

Business/Property Name: _CFA Realty LLC_   Charge as Respondent (circle): YES  NG   Telephone Number _202 563-349_

Individual Name (Last, First, Middle) _Yeon Buck Byung H_   Charge as Respondent (circle) YES  NO   Telephone Number

Mailing Address _2000 ___   VA   _22079_

City ___   State ___   Zip Code ___

Business License/Permit Type _HOP 101003_   Business License/Permit No. _NONE -- Candy Shop_

You are charged with violating the District of Columbia laws or regulations stated below. You MUST SIGN and RETURN this form WITHIN 15 DAYS of the date of service. You must also indicate below each infraction whether you ADMIT, ADMIT WITH EXPLANATION or DENY. **Instructions on back.**

If you DENY one or more of the infractions, you must timely sign and return this form as your answer. If you do so, a hearing in your case is prescheduled on the _____ day of _____, _____, AM / PM at the following location:

Office of Administrative Hearings, _____ Suite _____ Washington, D.C.

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| _D.C. Official Code 47-2851-02_ | $ _2,000.00_ | $ |

Nature of Infraction _Engaging in business without Public Health Accommodations_

Date of Infraction _5/17/07_   Time of Infraction _3:15 p.m._   Previous Infractions Committed ___

ANSWER: [ ] ADMIT (Pay Fine)   [ ] DENY (Appear for a Hearing)   [ ] ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| _D.C. Official Code 47-2853.02_ | $ _5,000.00_ | $ |

Nature of Infraction _____

Date of Infraction _5/17/07_   Time of Infraction ___   Previous Infractions Committed   1   2   3

ANSWER: [ ] ADMIT (Pay Fine)   [ ] DENY (Appear for a Hearing)   [ ] ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

Total Fines and Penalties $ _____
Total Administrative Fees $ _70.00_
Total Amount Due for ALL Infractions $ _____

**WARNING:** Failure to answer (see reverse) each infraction on this Notice within 15 days of the date of service by signing and returning this form will be the assessment of a penalty equal to and in addition to the specified amount of the fine. You also may be subject to other penalties and actions allowed by law, including suspension and non-renewal of your license or permit, the sealing of your business, a lien being placed on your property, and attachment of your rent. If this is your second Notice for the charges, your failure to respond within 15 days of the date of service will result in the assessment of a penalty to twice the amount of the fine. **For Medical Marijuana facilities:** This Notice and information obtained through this proceeding may be used for evaluation under law, including 42 CFR Chs. 442 and 483 and for any proceeding under 42 CFR Ch. 431. For information call (202) 442-6091.

I certify under penalty of perjury that I observe/perceive/determine that the infraction(s) charged have been committed.

City Investigator's Signature _____   Print Name _____   Date _5/17/07_   Badge/Identification Number _____

By name below to acknowledge receipt of this Notice of Infraction and not as an admission of guilt or liability to the charge(s) listed

Respondent's Signature _____   Print Name _____   Date _5/19/07_

WHITE (1st)   RESPONDENT (YELLOW)   INSPECTOR (PINK)   ENFORCEMENT (GOLDENROD)

## JAMEᴸ E. BROWN & ASSOCIATES, . LLC

*A Professional Limited Liability Company*

James E. Brown

Domiento C.R. Hill

Roberta Gambale

Miguel A. Hull

Christopher L. West

John A. Straus

Juan J. Fernandez!+

------------------------------------

! DC Bar Special Legal Consultant

+ Admitted in Bolivia

Attorneys at Law

1220 L Street, NW

Suite 700

Washington, DC 20005

Telephone: (202) 742-2000

Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald

Roxanne D. Neloms

Omar Karram

Jani Tillery

Kimberly Glassman

Seth Diamond

Maria Blaeuer

--------------------------------

November 9, 2007

VIA FAX TO 202-442-9448

Investigator Dedrick

Department of Consumer and Regulatory Affairs

941 North Capitol Street, NE

Washington, DC 20002

> **Re:** **My Client, Ok Yeon Cho**
> **Location:** **3413 Wisconsin Avenue, NW**
> **Notice No.:** **8700841**

Dear Investigator Dedrick:

This law firm represents Ok Yeon Cho concerning a citation that you wrote regarding her beauty shop, located at the above referenced address, on May 17, 2007. Ms. Cho has advised that she has attempted to speak with you in an effort to resolve the citation, but has been unsuccessful. She has therefore retained the undersigned in an effort to resolve these issues. Therefore, at your earliest convenience, please contact me so that we may discuss the manner in which this issue may be resolved.

Thank you for your attention to this matter.

Very truly yours,

Seth W. Diamond

SWD

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
Juan J. Fernandez!+

-------------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
Omar Karram
Jani Tillery
Kimberly Glassman
Seth Diamond
Maria Blaeuer

---------------------------------

November 14, 2007

Ms. Linda Argo
Director
Department of Consumer and Regulatory Affairs
941 North Capitol Street, NE
Washington, DC 20002

|       | **Re:** | **My Client, Ok Yeon Cho** |          |
|-------|---------|----------------------------|----------|
|       |         | Notice of Infraction No.:  | 8700841  |
|       |         | Date of Infraction:        | 5/17/07  |
|       |         | My File No.:               | B-0013   |

Dear Ms. Argo:

Please be advised that my client has been attempting to resolve the above referenced Notice of Infraction but has been unable to do so due a very odd set of circumstances. On May 17, 2007, Investigator C. Dedrick (Badge No. 530) inspected my client's place of business and provided her with the enclosed Notice of Infraction, assessing a penalty of $4000. My client timely responded, stating that the infraction was admitted with explanation. Recently, my client went to the DCRA offices in an effort to resolve the issue of the citation without the necessity of a Hearing with OAH. When she spoke with Mr. Dedrick, he advised that he would accept $7500 to resolve the Notice of Infraction. Obviously this figure is $3500 in excess of the amount stated on the Notice of Infraction. When my client inquired as to how the number went up, Mr. Dedrick advised that he could have cited her for additional infractions and, because the additional infractions existed, he would only resolve the matter in an amount in excess of the original fine. As a result of this bazaar exchange, my client retained this office in an effort to resolve this matter.

Since I have been involved in this case, I have had the opportunity to speak with Mr. Dedrick. He has advised that there are two (2) additional infractions, but he ran out of blank Notices of Infractions on the day of the inspection, so he could not write them. He stated that although the Notice of Infraction was not completed, my client was responsible for the fines assessed therein. When I inquired as to why no additional Notices of Infraction have been provided to my client in the six (6) months since his inspection, he could not give an answer and basically stated it was because he has the right to do so. He then made an offer of $6500 to resolve all infractions. I stated to him that I could not even consider the offer until I have an opportunity to review the additional alleged infractions. He stated that he did not have to

provide them to me and ended our conversation. It should be noted that I have spoken with both DCRA and OAH and neither appears to have a record of any of the Notices of Infraction that are the subject of this correspondence.

So here is the situation: My client is only receiving offers to settle in excess of the amount stated on her Notice of Infraction, based on an oral statement by your investigator that other infractions exist. However, he will not provide any evidence of additional infractions. Furthermore, DCRA and OAH have no records of any Notices of Infraction that are the subject of this letter. Therefore, there is no way that we can resolve this matter without the necessity of a Hearing. I cannot in good conscience advise my client to pay Infractions that were never served, nor can I negotiate a settlement amount with a person who will provide an offer that is equal to or less than the amount stated in the Notice of Infraction that was served. My client is basically sitting with her check book open, but cannot get any cooperation in determining what is actually owed. Furthermore, it is highly suspicious that no records of either infraction seem to exist and Mr. Dedrick is attempting to assess additional fines. It appears as though my client is being extorted. The additional Notices of Infraction that Mr. Dedrick claims to exist, but cannot provide, are either nonexistent or improper. It cannot be an acceptable practice at DCRA for Investigators not to provide Notices of Infraction six (6) months after the infraction is discovered. Otherwise, my client could have corrected the infractions for which she was provided notice, and reopened without any knowledge that she was still in violation of Washington D.C. law.

Mr. Dedrick's oral citation is certainly noncompliant with D.C. Mun. Regs., tit. 12A § 113.2.1; D.C. Mun. Regs., tit. 16, § 3101; and D.C. Mun. Regs., tit. 16, § 310. Furthermore, the additional fines are likely barred by the doctrine of latches as Mr. Dedrick certainly unreasonably delayed in providing notice of the additional alleged infractions (although he states he could not write them on the date of the inspection because he had insufficient materials, he cannot explain why the Notices of Violation were not drafted during the remaining six (6) months since the inspection). As a result of this unreasonable delay, my client has certainly been prejudiced as she has not been able to resolve this issue and re-open her place of business, cannot even determine if she is code compliant prior to opening because she has no notice of specific additional code violations, and has accrued legal fees that would be unnecessary if she could simply get a straight answer from Mr. Dedrick and your department. Therefore, for the reasons stated above, it is very likely that the additional Notices of Infraction will be dismissed should this matter go before an Administrative Judge.

As a matter of formality, the additional alleged violations are hereby **DENIED WITH EXPLANATION**. The explanation is that we have not been provided with any notice of the violations aside from Mr. Dedrick's oral statements and that the oral Notices of Infraction are facially deficient and barred by the doctrine of latches, as described above. We reserve the right to amend our response upon being provided with any materials documenting the substance of the alleged violations.

This letter is in no way an attempt to circumvent the OAH. Instead, it is an effort to explain the very odd circumstances within your department and to hopefully move toward resolving this matter without the necessity of an administrative Hearing. I am therefore requesting that you investigate this matter and contact me with your conclusions and/or a reasonable offer to resolve these fines. We simply want to negotiate payment for what is

legitimately owed and move on in an expeditious manner. I await your response.

Thank you for your attention to this matter. If you have any questions or concerns, please do not hesitate to call.

Very truly yours,

Seth W. Diamond

CC:    The Honorable Adrian M. Fenty
       Ms. Ok Yeon Cho

Enclosure
SWD

FROM : CHO, DAVID          PHONE NO. : 703 440 879    NOV. 06 2007 04:53PM P1

TO: Diamond

GOVERNMENT OF THE DISTRICT OF COLUMBIA

# NOTICE OF INFRACTION

Notice No. _____

Issuing Agency: ☐ DOH  ☐ DMH  ☒ DCRA    ☒ 1st NOI

☐ CFSA  ☐ FEMS  ☐ Other ____    ☐ 2nd NOI (1st NOI No. ____)

Date of Service _____

Location of Infraction: 3413 Wisconsin Ave. NW

Type of Location: ☐ Vacant Lot  ☐ Construction Site  ☐ Occupied  ☐ Other ____

Business/Company Name: PD LEON OK    Charge as Respondent (circle): YES  NO    Telephone Number: 202 263-____

Individual Name (Last, First, Middle): Buckland V    Charge as Respondent (circle): YES  NO    Telephone Number

Mailing Address: ____

City ____    State VA    Zip Code 22079

Business License/Permit Type: HOP 104803    Business License/Permit No. NONE

You are charged with violating the District of Columbia laws or regulations stated below. You MUST SIGN and RETURN this form WITHIN 15 DAYS of the date of service. You must also indicate below each infraction whether you ADMIT, ADMIT WITH EXPLANATION or DENY. Instructions on back.

If you DENY one or more of the infractions, you must timely sign and return this form as your answer. If you do so, a hearing in your case is pre-scheduled on the ____ day of ____ at ____ AM / PM at the following location:

Office of Administrative Hearings, ____ Suite ____ Washington, D.C.

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| DC Official Code 47-2851-02 | $ 2,500.00 | $ |

Nature of Infraction: Engaging in Business without Permit. Public Health Encroachments

Date of Infraction: 5/17/07   Time of Infraction: 2:15 PM   Previous Infractions Committed

ANSWER: ☐ ADMIT (Pay Fine)   ☐ DENY (Appear for a Hearing)   ☐ ADMIT WITH EXPLANATION (Hearing by Mail)

Signature ____

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| DC Official Code 47-2853.02 | $ 5,000.00 | $ |

Nature of Infraction: ____

Date of Infraction: 5/17/07   Time of Infraction: 2:15 PM   Previous Infractions Committed

ANSWER: ☐ ADMIT (Pay Fine)   ☐ DENY (Appear for a Hearing)   ☐ ADMIT WITH EXPLANATION (Hearing by Mail)

Signature ____

Total Fines and Penalties $ ____
Total Administrative Fees $ 70.00
Total Amount Due for ALL Infractions $ ____

WARNING: Failure to answer (see reverse) each infraction on this Notice within 15 days of the date of service by signing and returning this form will result in imposition of a penalty equal to and in addition to the specified amount of the fine. You also may be subject to other penalties and actions allowed by law including suspension and non-renewal of your license or permit, the sealing of your business, a lien being placed on your property, and attachment of your equipment. If this is your second Notice for the charges, your failure to respond within 15 days of the date of service will result in the assessment of a penalty equal to twice the amount of the fine. For Medicaid-funded facilities: This Notice and information obtained through this proceeding may be used for evaluation under applicable law, including 42 CFR Chs. 442 and 483 and for any proceeding under 42 CFR Ch. 431. For information call (202) 442-5991.

I personally, or far under penalty of perjury that I observed/or determined that the infraction(s) charged have been committed.

Inspector's/Investigator's Signature ____   Print Name ____   Date 5/17/07   Badge/Identification Number ____

I sign my name below to acknowledge receipt of this Notice of Infraction and not as an admission of guilt or liability to the charge(s) listed

Respondent's Signature ____   Print Name ____   Date ____

DOH (WHITE)   RESPONDENT (YELLOW)   INSPECTOR (PINK)   ENFORCEMENT (GOLDENROD)

**Seth Diamond**

**From:**        cmartinez [cmartinez@jeblaw.biz]
**Sent:**        Wednesday, November 21, 2007 12:22 PM
**To:**          Seth Diamond
**Subject:**     FW: Email from the DCRA (Intranet Quorum IMA00194688)



IQFORMATFILE.TX
   T (348 B)

-----Original Message-----
From: imailagent [mailto:customerservice.dcra@dc.gov]
Sent: Wednesday, November 21, 2007 12:18 PM
To: admin@jeblaw.biz
Subject: Email from the DCRA (Intranet Quorum IMA00194688)

Dear Mr. Diamond


Thank you for contacting Mayor Fenty's office your inquiry has been referred to the
Department of Consumer and Regulatory Affairs. We are in receipt of your email, which has
been referred to Inspections & Compliance Administration Please contact Mr. Kevin Carter@
202-442-8558 if you have any questions. Thank you again for your concern for the Health
and safety of the citizen of the District of Columbia.

## JAMES L. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
Juan J. Fernandez!+

------------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
Omar Karram
Jani Tillery
Kimberly Glassman
Seth Diamond
Maria Blaeuer

------------------------------------

December 13, 2007

VIA CERIFIED MAIL
7004 1160 0002 3176 4279

The Honorable Adrian M. Fenty
Office of the Mayor
1350 Pennsylvania Avenue, NW
Washington, DC 20004

> **Re:** **Notice of action against District of Columbia**
> **My Client:** **Ok Yeon Cho/Fingertip Nail Salon**
> **My File No.:** **B-0013**

Dear Mayor Fenty:

Although my client has already complied with D.C. Code § 12-309 by serving the enclosed letter on your office, this correspondence is sent directly to you as a courtesy to ensure that you have the opportunity to investigate the allegations therein. The information that is required to be disclosed to the city can be found in the attached correspondence. However, I will briefly outline our cause of action:

**Claimants:**
Ok Yeon Cho, Fingertip Nail Salon

**Time:**
Ongoing, commencing on May 17, 2007.

**Place:**
Fingertip Nail Salon
3413 Wisconsin Avenue
Washington, D.C. 20016

**Cause and circumstances of injury:**
See attached. Since the attached was sent, DCRA has improperly served my client with the exact same Notices of Infraction, which were re-dated to state that they were served

on December 7, 2007. It appears as though the Notices were re-dated for the sole purpose of having a clean record because the Notices were not entered into DCRA's system prior to December 7, 2007. The Notices were improperly served because Mr. Dedrick, despite knowing that Ms. Cho was represented by counsel, served the Notices directly on her. Furthermore, as you will see in the attached correspondence from Mr. Kevin B. Carter at DCRA, Mr. Dedrick did not adhere to DCRA policy and requirements. It is our position that Mr. Dedrick, DCRA and the District of Columbia are liable to my client for damages associated with her inability to re-open her business due to the fact that she could not determine what additional violations she had committed and therefore could not remedy. Furthermore, the conduct of the above referenced parties constitutes a violation of my client's due process rights. Mr. Dedrick's actions, on behalf of DCRA and the District of Columbia were at least grossly negligent and most likely intentional and malicious. It should also be noted that other nail salon proprietors who are immigrants seem to be having similar issues with Mr. Dedrick and therefore his actions are likely being made for a discriminatory purpose. We will be seeking compensatory damages, costs, punitive damages and attorneys' fees in our lawsuit. As we are still investigating this matter, it is anticipated further causes of action will be discovered.

We will be filing our lawsuit in the near future. If you would like to discuss this matter with me, I am happy to speak with you or the appropriate member of your staff.

Thank you for your attention to this matter. If you have any questions or concerns, please do not hesitate to call.

Very truly yours,

Seth W. Diamond

Enclosure
SWD

# JAMES L. BROWN & ASSOCIATES, LLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
Juan J. Fernandez!+

-----------------------------------
DC Bar Special Legal Consultant
Admitted in Bolivia

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
Omar Karram
Jani Tillery
Kimberly Glassman
Seth Diamond
Maria Blaeuer

--------------------------------

December 18, 2007

VIA CERIFIED MAIL
7004 1160 0002 3176 4286

Office of Risk Management
ATTN: Claims
441 4th Street, NW, Suite 800 South
Washington, DC 20001

> **Re:** **Notice of action against District of Columbia**
> **My Client:** **Ok Yeon Cho/Fingertip Nail Salon**
> **My File No.:** **B-0013**

Dear Sir or Madam:

Although my client has already complied with D.C. Code § 12-309 by serving the enclosed letter on the Mayor's office, this correspondence is sent directly to you as a courtesy to ensure that you have the opportunity to investigate the allegations therein. The information that is required to be disclosed to the city can be found in the attached correspondence. However, I will briefly outline our cause of action:

**Claimants:**
Ok Yeon Cho, Fingertip Nail Salon

**Time:**
Ongoing, commencing on May 17, 2007.

**Place:**
Fingertip Nail Salon
3413 Wisconsin Avenue
Washington, D.C. 20016

**Cause and circumstances of injury:**
See attached. Since the attached was sent, DCRA has improperly served my client with the exact same Notices of Infraction, which were re-dated to state that they were served

on December 7, 2007. It appears as though the Notices were re-dated for the sole purpose of having a clean record because the Notices were not entered into DCRA's system prior to December 7, 2007. The Notices were improperly served because Mr. Dedrick, despite knowing that Ms. Cho was represented by counsel, served the Notices directly on her. Furthermore, as you will see in the attached correspondence from Mr. Kevin B. Carter at DCRA, Mr. Dedrick did not adhere to DCRA policy and requirements. It is our position that Mr. Dedrick, DCRA and the District of Columbia are liable to my client for damages associated with her inability to re-open her business due to the fact that she could not determine what additional violations she had committed and therefore could not remedy. Furthermore, the conduct of the above referenced parties constitutes a violation of my client's due process rights. Mr. Dedrick's actions, on behalf of DCRA and the District of Columbia were at least grossly negligent and most likely intentional and malicious. It should also be noted that other nail salon proprietors who are immigrants seem to be having similar issues with Mr. Dedrick and therefore his actions are likely being made for a discriminatory purpose. We will be seeking compensatory damages, costs, punitive damages and attorneys' fees in our lawsuit. As we are still investigating this matter, it is anticipated further causes of action will be discovered.

We will be filing our lawsuit in the near future. If you would like to discuss this matter with me, I am happy to speak with you or the appropriate member of your staff.

Thank you for your attention to this matter. If you have any questions or concerns, please do not hesitate to call.

Very truly yours,

Seth W. Diamond

Enclosure
SWD

## JAM... , E. BROWN & ASSOCIATES, .'LLC

*A Professional Limited Liability Company*

James E. Brown

Domiento C.R. Hill

Roberta Gambale

Miguel A. Hull

Christopher L. West

John A. Straus

Juan J. Fernandez!+

-----------------------------------

! DC Bar Special Legal Consultant

+ Admitted in Bolivia

Attorneys at Law

1220 L Street, NW

Suite 700

Washington, DC 20005

Telephone: (202) 742-2000

Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald

Roxanne D. Neloms

Omar Karram

Jani Tillery

Kimberly Glassman

Seth Diamond

Maria Blaeuer

---------------------------------

January 24, 2008

Mr. Peter Nickles, Esq.

Attorney General

Office of the Attorney General

441 4th Street NW, Suite 1060 N

Washington, DC 20001

Re:     My Client, Ok Yeon Cho
        My File No.:  B-0013

Dear Mr. Nickles:

Enclosed please find some documentation outlining likely illegal activity that is occurring at the District of Columbia Department of Consumer and Regulatory Affairs. As I believe the conduct outlined in the attached is of a criminal nature, you may wish to investigate this matter further.

It should be noted that DCRA is attempting to enforce the subject Notices of Infraction through the Office of Administrative Hearings and has opposed my Motion to Dismiss. It is my position that should the OAH enforce the subject Notices of Infraction, they will be aiding and abetting in the cover up of an attempted crime.

Thank you for your attention to this matter. If you have any questions or concerns, please do not hesitate to call.

Very truly yours,

Seth W. Diamond

Enclosures

SWD

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
Juan J. Fernandez!+
-------------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
Omar Karram
Jani Tillery
Kimberly Glassman
Seth Diamond
Maria Blaeuer
-------------------------------

January 31, 2008

The Honorable Mary M. Cheh
Office of Councilmember Mary M. Cheh
1350 Pennsylvania Avenue, NW
Suite 108
Washington, D.C. 20004

> **Re:    My Client, Ok Yeon Cho**
> **My File No.:  B-0013**

Dear Councilmember Cheh:

Enclosed please find some documentation outlining likely illegal activity that is occurring at the District of Columbia Department of Consumer and Regulatory Affairs. As I believe the conduct outlined in the attached is of a criminal nature, and in light of the fact that the alleged actions took place in your Ward, as well as the fact that you are the chairperson on the Committee on Public Services and Consumer Affairs, you may wish to investigate this matter further.

It should be noted that DCRA is attempting to enforce the subject Notices of Infraction through the Office of Administrative Hearings. It is my position that should the OAH enforce the subject Notices of Infraction, they will be aiding and abetting in the cover up of an attempted crime.

Thank you for your attention to this matter. If you have any questions or concerns, please do not hesitate to call.

Very truly yours,

Seth W. Diamond

Enclosures
SWD

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OK YEON CHO, et al.,                    )
                                        )    Case No.:    08-cv-00353 HK
              Plaintiffs,               )
                                        )
      v.                                )
                                        )
THE DISTRICT OF COLUMBIA, et al.,       )
                                        )
              Defendants.               )
_____)

## PROPOSED ALTERNATE ORDER 1

Upon consideration of the Defendants, DISTRICT OF COLUMBIA and LINDA

ARGO's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, and the entire

record herein, it is, on this _____ day of _____, 2008,

ORDERED that said Motion be and the same is hereby DENIED.  Defendants, THE

DISTRICT OF COLUMBIA and LINDA ARGO shall file an Answer to the Complaint within

ten (10) days of the date of this Order.


                                        _____
                                        Henry H. Kennedy, Jr.
                                        United States District Judge

Serve upon:
Counsel of Record
Cliff Dedrick

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OK YEON CHO, et al., | ) | |
| Plaintiffs, | ) ) | Case No.:    08-cv-00353 HK |
| v. | ) ) ) | |
| THE DISTRICT OF COLUMBIA, et al., | ) ) | |
| Defendants. | ) ) | |

## PROPOSED ALTERNATE ORDER 2

Upon consideration of the Defendants, DISTRICT OF COLUMBIA and LINDA

ARGO's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, and the entire

record herein, it is, on this _____ day of _____, 2008,

ORDERED that said Motion is hereby deemed a Motion to Dismiss and the same is

hereby DENIED.  Defendants, THE DISTRICT OF COLUMBIA and LINDA ARGO shall file

an Answer to the Complaint within ten (10) days of the date of this Order.


_____
Henry H. Kennedy, Jr.
United States District Judge

Serve upon:
Counsel of Record
Cliff Dedrick

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OK YEON CHO, et al., | ) | |
| | ) | Case No.:    08-cv-00353 HK |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED ALTERNATE ORDER 3

Upon consideration of the Defendants, DISTRICT OF COLUMBIA and LINDA

ARGO's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, and the entire

record herein, it is, on this _____ day of _____, 2008,

ORDERED that said Motion is hereby deemed a Motion for Summary Judgment and the

same is hereby DENIED.  Defendants, THE DISTRICT OF COLUMBIA and LINDA ARGO

shall file an Answer to the Complaint within ten (10) days of the date of this Order.


_____
Henry H. Kennedy, Jr.
United States District Judge

Serve upon:
Counsel of Record
Cliff Dedrick

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OK YEON CHO, et al., | ) | |
| Plaintiffs, | ) | Case No.:    08-cv-00353 HK |
| v. | ) | |
| THE DISTRICT OF COLUMBIA, et al., | ) | |
| Defendants. | ) | |

**PROPOSED ALTERNATE ORDER 4**

Upon consideration of the Defendants, DISTRICT OF COLUMBIA and LINDA

ARGO's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, and the entire

record herein, it is, on this _____ day of _____, 2008,

ORDERED that said Motion is hereby deemed a Motion to Dismiss and the same is

hereby GRANTED.  The Plaintiff shall be granted leave for ten (10) days from the date of this

Order to file an Amended Complaint.  The Defendants, THE DISTRICT OF COLUMBIA and

LINDA ARGO shall file an Answer to the Amended Complaint within ten (10) days of service.


_____
Henry H. Kennedy, Jr.
United States District Judge

Serve upon:
Counsel of Record
Cliff Dedrick