**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————
)
OK YEON CHO, individually, and          )
    d/b/a FINGERTIP NAIL SALON,   )
)
        Plaintiff,          )
)
        v.          )          Civil Action No. 08-cv-00353 (HHK)
)
DISTRICT OF COLUMBIA, *et al.*,          )
)
        Defendants.          )
———————————————————————)

**DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S REPLY**
**IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**MOTION FOR SUMMARY JUDGMENT**

        Defendants District of Columbia and Linda Argo ("District Defendants") submit this Reply in support of their Motion to Dismiss or, in the alternative, Motion for Summary Judgment.

**I.**       **Plaintiff has failed to exhaust her administrative remedies.**

        Plaintiff concedes in her Opposition that the OAH matter resulting from the District's investigation into her illegal nail salon, including the enforcement of any and all Notices of Infraction, remains pending.[1]  (Opp. at 9.)  Plaintiff cites to *Reiter v. Cooper*, 507 U.S. 258, 269 (1993), to support her argument on the inapplicability of the exhaustion doctrine.  (Opp. at 8.)  *Reiter*, however, was premised on International Commerce Commission precedent being clear that it did not afford the *Reiter* Plaintiff any of the requested relief from unreasonable tariff rates.  *Reiter*, 507 U.S. at 269.

———————————————

[1] Additionally, Plaintiff will have the opportunity to appeal any OAH final order to the District of Columbia Court of Appeals.  *See* D.C. CODE § 2-510 (2001).

1

In the present case, Plaintiff seeks declaratory relief regarding the status of code and regulatory violations on her premises from May 17, 2007 to the present. (Complaint at ¶ 21.)  Plaintiff's pending matter before OAH concerns those very violations.  Consequently, the administrative resolution of the Notices of Infraction directly impacts resolution of the allegations presented in Plaintiff's complaint, at least insofar as her request for declaratory relief.  Until her administrative remedies are exhausted, Plaintiff is precluded from bringing suit.  *See Association of Flight Attendants-CWA, AFL-CIO v. Chao*, 493 F.3d 155, 158 ( D.C. Cir. 2007).

II.    **Plaintiff's complaint fails to plead any cause of action for which relief may be granted.**

In arguing that her complaint has been pled with the required specificity, Plaintiff asks the Court to make numerous inferences and assumptions based on her pled allegations.  However, the Court should not accept inferences that are not supported by the facts alleged in the complaint or legal conclusions characterizes as factual allegations. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006).  Moreover, despite Plaintiff's more elaborate explanation of the underlying bases of her complaint articulated in her Opposition, "[f]actual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint."  *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 64 (D.D.C. 2007).

A.    **Plaintiff fails to plead a Due Process violation entitling her relief under 42 U.S.C. § 1983.**

In opposing the District Defendants' Motion, Plaintiff argues that she "has clearly alleged that she has been deprived of a property and/or liberty interest because, as a result

of the Defendants' conduct, 'she has not been able to re-open for business, sell her business, or otherwise seek employment since May of 2007.'" (Opp. at 11, *citing* Complaint at ¶ 16.)  Property interests are "defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of States Colleges v. Roth*, 408 U.S. 564, 577 (1972).  In order to have a property interest, Plaintiff "clearly must have more than have an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Id.*

Here, Plaintiff had no legitimate property interest because she was illegally operating a nail salon.  *See* Exhibit 1, Notice of Change of Plea Regarding Notice of Infraction Number S700841 (admitting substance of infraction with explanation). Citizens are not entitled to illegally operate businesses in the District of Columbia; thus, she cannot claim this as a legitimate liberty or property interest.  If Plaintiff is unable to operate or sell her business, it is the result of her own failure to secure the necessary permits for her business.  Furthermore, it defies all logic and credibility to state that any actions by Defendants kept Plaintiff from otherwise seeking employment since May of 2007.

Should this Court accept Plaintiff's allegation that she had a legitimate claim of entitlement to her illegal business, the actions by District Defendants, as alleged, do not rise to the level of a Due Process violation.  Plaintiff does not identify the specific process of which she was allegedly deprived.  Describing the allege process as "Defendants' conduct" is not the level of "fair notice" required under *Bell Atlantic v.*

*Twombly*, 127 S.Ct. 1955, 1964-5 (2007).  Additionally, even if District Defendants provided Plaintiff with incorrect information regarding the status of any Notices of Infraction against her, that error in DCRA procedure does not rise to the level of a Due Process violation.  *American Fed. Of Gov't Employees, AFL-CIO, Local 446 v. Nicholson*, 475 F.3d 341, 353 (D.C. Cir. 2007) ("A mere violation of law does not give rise to a due process claim."); *Eastern-Trans Waste of MD., Inc. v. District of Columbia*, 2007 U.S. Dist. LEXIS 21790, at *5 (D.D.C. 2007) (" The government's infringement on the recognized property interest must constitute a 'grave unfairness':  'Inadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official duties, do not warrant redress.'"), *quoting Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988).

> **B.      Plaintiff has not properly pled a cause of action for Tortious Interference**

Plaintiff argues in her Opposition that Count II of her complaint, entitled Pecuniary Loss, is an allegation of a cause of action for tortious interference.  (Opp. at 12-13.)  Plaintiff's complaint lacks any mention of the elements of tortious interference or even the words "tortious interference."  Plaintiff acknowledges that she did not plead the cause of action specifically, asking the court instead to reasonably infer the absent, yet essential, elements.  (Opp. at 13.)  Tellingly, Plaintiff attempts to dismiss her own pleading defects as defects of "mere formality."  (Opp. at 13.)

It is a basic requirement that Plaintiff make sufficiently detailed factual allegations "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  Additionally, the Court is not bound to accept inferences that are not supported by facts set forth.  *Rae v. United States*, 530 F. Supp. 2d.

127, 127 (D.D.C. 2007).  Plaintiff, in her Opposition, argues that she has properly pled a tortious interference cause of action exists when it is patently absent from her complaint. Validating Plaintiff's allegations entitling her to pecuniary loss as properly pled would expand Rule 12(b)(6)'s requirements to the point of meaninglessness.  *See Henthorn v. Department of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994) ("To require that trial courts accept as true factual allegations made in legal memoranda, which form no part of the official record, when those allegations directly contradict the facts set forth in the complaint would be to stretch Rule 12(b)(6) far beyond even the generous pleading standards that we apply to *pro se* plaintiffs.").  Plaintiff's complaint, as alleged and regardless of the arguments in her Opposition, is the basis on which this Court must decide, and it simply does not comply with Rule 12(b)(6).  *See Twombly*, 127 S.Ct. at 1965 n.3 (requiring that complaint provide "fair notice" of the nature of the claim and of the "grounds" on which it rests).

> **C.    Plaintiff's request for a declaratory judgment is improper, as it is merely a request for a legal opinion.**

Plaintiff argues the validity of her request for declaratory relief by stating the District Defendants "have not supported their argument with any legal standard that would illustrate how the Plaintiff's request for a declaration of fact is the equivalent of seeking legal advice."  (Opp. at 13-4.)  Supreme Court precedent clearly establishes that a proper claim for a declaratory judgment must request "specific relief of a conclusive character, as distinguished from an opinion advising what the law would be under a hypothetical state of facts."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-1 (1937); *see also Medimmune v. Genentech*, 127 S. Ct. 764, 771 (2007).

As presented in District Defendants' original Motion, Plaintiff's request for declaratory relief is nothing more than a request for a legal opinion. Plaintiff's harm stems from her own failure to comply with District of Columbia Code provisions and District of Columbia Municipal Regulations. *See* D.C. CODE § 47-2851.02 (2001); D.C. MUN. REGS. tit. 17 § 3702.1 (1990); D.C. MUN. REGS. tit.11 § 3203.1 (1990); D.C. MUN. REGS. tit. 12A § 110.1 (1990). Her claim asks the Court to provide an opinion regarding the status of her compliance with license procedures for nail salons. (Complaint, at ¶¶ 20-23.) This type of relief is improper under Rule 12(b)(1). *See In re: Iraq and Afghanistan Detainees Litigation*, 479 F. Supp. 2d 85, 118 (D.D.C. 2007).

**D.      If decided as a Motion for Summary Judgment, judgment should be granted in favor of the District Defendants.**

Plaintiff argues that, should it consider District Defendants' Motion as a one for Summary Judgment, the Court should grant judgment in favor of the Plaintiff because she served discovery requests with her complaint and because she seeks to conduct discovery. (Opp. at 14-5.) Plaintiff's discovery requests are not relevant for the Court's consideration on this Motion for Summary Judgment because, as explained below, Plaintiff is not entitled to conduct discovery. Plaintiff has failed to identify any genuine issues of material fact in dispute.

Plaintiff's Opposition included a statement of facts she claims are necessary to be litigated. (Opp. at 5-6.) Plaintiff's statement of facts, however, fails to comply with LCvR 56.1 requiring that a party opposing summary judgment append a "a separate concise statement of genuine issues setting forth all material facts as to which is contended there exists a genuine issue necessary to be litigated *which shall include references to the parts of the record relied on to support the statement*." LCvR 56.1 (emphasis added). Plaintiff's statement of facts fails to include any cites to the record for support, and,

consequently, fails to conform with this Circuit's "strict compliance" rule.  *See Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) ("This circuit has long upheld strict compliance with the district court's local rules on summary judgment when invoked by the district court."); *Twist v. Meese*, 854 F.2d 1421, 1424-5 (finding lack of compliance with rule requiring statement of material facts in dispute may be regarded as fatal).

Plaintiff failed to adhere to the "strict compliance" rule with her statement of material facts, and the Court should reject it.  Plaintiff has failed to identify and support any genuine issues of material fact that should be litigated.  Consequently, the Court should grant summary judgment in favor of the District Defendants.

**III.    The subject matter of Plaintiff's complaint falls squarely within the Public Duty Doctrine.**

In the District of Columbia, the Public Duty Doctrine is "defined broadly for purposes of limiting the District's substantive liability."  *Powell v. District of Columbia*, 602 A.2d 1123, 1128 (D.C. 1992).  As acknowledged by Plaintiff, the Public Duty Doctrine provides that, absent a special relationship, the District owes only a duty to provide services to the general public, not to particular citizens as individuals.  *See Taylor v. District of Columbia*, 776 A.2d 1208, 1214 (D.C. 2001).

**A.    The Public Duty Doctrine is clearly applicable in this matter.**

Citing *Johnson v. District of Columbia*, 580 A.2d 140, 142 (D.C. 1990), Plaintiff argues that the Public Duty is inapplicable in instances where the conduct of the State worsens the Plaintiff's condition.  (Opp. at 15-17.)  Plaintiff's citation to *Johnson* is misleading and disingenuous.  In *Johnson*, Plaintiff brought suit against the District of Columbia, as personal representative of the estate of Sadie Tolliver, when D.C. Emergency Medical Services arrived at Ms. Tolliver's residence thirty minutes after the

first of three telephone calls were made to 911. *Johnson*, 580 A.2d, at 141. The Court's

discussion concerning the worsening of the citizen's condition was focused on the

specifics of whether a special relationship existed between Ms. Tolliver and the District.

*Id*., at 142-3. Moreover, the Court continued, "That is not to say that even acts worsening

the victim's condition are always sufficient to form a basis of liability." *Id*., at 143 n.4.

In fact, the *Johnson* Court ruled in favor of the District, applying the Public Duty

Doctrine.

      The present case presents a factual scenario wholly unrelated to that in *Johnson*.

In the present case, the District has a duty to investigate and enforce the law within its

jurisdiction. Plaintiff operated an illegal nail salon, and DCRA acted appropriately in

citing her for the undisputed violations. *See* Exhibit 1. The District's investigation and

enforcement of its laws did not make Plaintiff's situation worse. Plaintiff is merely

forced to face the consequences of her illegal actions. She must take the necessary steps

to come into compliance with the requirements to operate and/or sell her business. If

Plaintiff's condition is indeed worse post-May 17, 2007, it is the result of her own

noncompliance with the law. The present facts radically differ from *Johnson*; Plaintiff

cannot credibly parallel her situation to that of Ms. Tolliver. As such, the language to

"worsening Plaintiff's condition" is misleading and inapplicable in this case.

      Plaintiff also argues against the Public Duty Doctrine's applicability because it

only applies to negligence causes of action. (Opp. at 16.) Plaintiff ignores the fact that

all torts, including intentional torts, involve an element of duty. *See* RESTATEMENT

(SECOND) OF TORTS § 4 (1965). Moreover, the subject area of her lawsuit, allegations

concerning the investigation and enforcement of business licensing regulations, is

precisely the type of government protection embraced by the Public Duty doctrine.  *See District of Columbia v. Forsman*, 580 A.2d 1314, 1317-18 (D.C. 1990) (involving demolition permit procedures); *Nealon v. District of Columbia*, 669 A.2d 685, 692 (D.C. 1995) (concerning the collection of fees for water and sewer services).

Plaintiff attempts to contrast the facts of this case with those of other cases applying the public duty doctrine, arguing that in the other cases "the alleged tortfeasors were following statutes and/or policies and procedures," while here "it is alleged that the Defendants failed to follow statutes and/or policies and procedures."  (Opp. at 17.)  Even a cursory reading of case law involving the Public Duty doctrine reveals that, in almost every instance, the plaintiffs' allegations involve the District allegedly failing to follow procedures.  *See, e.g., Powell v. District of Columbia*, 602 A.2d 1123 (D.C. 1992) (alleging that D.C. DMV failed to follow policy in issuing motor vehicle registration); *Platt v. District of Columbia*, 467 A.2d 149 (D.C. 1983) (alleging that District was liable where it permitted cinema to remain open despite knowledge of fire code violations); *Warren v. District of Columbia*, 444 A.2d 1 (D.C. 1981) (alleging that police department engaged in an inadequate rape investigation).

**B.    Plaintiff's argument regarding "a public duty to extort, harass, and violate the civil rights" of District citizens mischaracterizes the Doctrine and is patently absurd.**

Plaintiff attempts to discount the Public Duty Doctrine's applicability in the present case because "The acts alleged in the Complaint are intentional acts that amount to extortion, harassment, and Due Process violations.  Certainly, it cannot be argued that the District of Columbia has a public duty to extort, harass, and violate the civil rights of its citizens."  (Opp. at 17.)  Aside from the fact that Plaintiff completely contradicts her

argument that the complaint alleges a tortious interference claim in Count II of her complaint (here described as claims for extortion or harassment), Plaintiff demonstrates a fundamental lack of understanding regarding the Doctrine's applicability. Defendants make no argument that it has a public duty to extort, harass, and violate the civil rights of its citizens. As explained in District Defendants' original Motion, the Public Duty Doctrine is applicable based on the facts of this case and based on the allegations in Plaintiff's complaint. Plaintiff's mischaracterization of the Public Duty doctrine is, on its face, absurd.

**C.  No Special Relationship exists between Plaintiff and the District Defendants.**

Finally, Plaintiff argues that a special relationship exists between her and the District of Columbia, thereby bringing her within an exception to the Public Duty Doctrine. (Opp. at 17-9.) As an initial matter, Plaintiff has not pled in her complaint that a special relationship existed. (Complaint.) A special relationship exists when a plaintiff is able to satisfy the two-prong test established in *Platt v. District of Columbia*, 467 A.2d 149 (D.C. 1983). Under the *Platt* test, two elements convert the general duty owed to the public to a particular duty owed to the plaintiff: (1) a direct contact or continuing contact between the victim and the governmental agency or official; and (2) a justifiable reliance on the part of the victim. *Id*., at 151.

Plaintiff argues that direct or continuing contact between her and District occurred based on the following: (1) DCRA inspection of the premises, (2) Plaintiff's attempts to resolve the Notices of Infraction, and (3) receiving additional copies of the Notices of Infractions several months later. (Opp. at 18.) These are insufficient to characterize as direct or continuing contact because, except for DCRA's inspection of the premises, the

contact upon which Plaintiff relies occurred *after* the incident which is the basis of the lawsuit. Furthermore, all of those contacts are the result of Plaintiff's admitted failure to obtain the necessary licenses to conduct business legally. *See* Exhibit 1.

Even if the subsequent contacts – those that Plaintiff initiated with DCRA concerning her illegal business – are relevant to this Court's determination of the existence of a special relationship, licensing and permit procedures do not alone create a special relationship. *Forsman*, 580 A.2d, at 1317-18 (involving demolition permit process). Additionally, the District's charge and collection for city services does not establish a special relationship because the contact between the District and the citizen is no different from the type of contact that the District has with the general public. *Nealon v. District of Columbia*, 669 A.2d 685, 692 (D.C. 1995) (concerning the collection of fees for water and sewer services). The District's enforcement of regulations and licenses for nail salons here does not give rise to a special relationship in this case.

Even if Plaintiff is able to satisfy the first prong of the *Platt* test, she cannot satisfy the second prong, harm based on justifiable reliance. Plaintiff was cited for the Notices of Infraction in May of 2007. *See* Exhibit 2, Notice of Infraction S700841. While Plaintiff may have been the recipient of misinformation initially delivered in June of 2007, Plaintiff has only been prosecuted for the original Notices of Infraction – those for which she has always had notice. Additionally, she still is not in receipt of the necessary licenses to reopen. Plaintiff has not suffered harm based on a justifiable reliance on District Defendants. If Plaintiff has suffered any harm, it is only attributable to her own failure to obtain the proper licenses to legally operate her business and to her

own delay in attempting to obtain those licenses.  Consequently, she does not fall within

an exception to the Public Duty Doctrine.

IV.    **Conclusion**

For the reasons stated above, as well as those set forth in their prior memorandum,

District Defendants respectfully request this Court grant the Motion to Dismiss or, in the

Alternative, Motion for Summary Judgment.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Chad Copeland
CHAD COPELAND [Bar No. Pending]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001
(202) 724-6623 (telephone)
(202) 727-0431 (fax)
chad.copeland@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2008, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** to be filed with the Clerk of the Court using the United States Electronic Filing system, which will send notification of such filing to:

Roxanne Neloms
James F. Brown & Associates, PLLC
1220 L Street NW, Suite 700
Washington, DC 20005

I further certify that on this 4th day of April, 2008, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** to be served via United States mail, postage prepaid, on:

Clifford Dedrick
941 N. Capitol St., NE
Washington, D.C. 20002

By: /s/ Chad Copeland/s/
CHAD COPELAND
Assistant Attorney General
441 4th Street, N.W., 6S049
Washington, D.C. 20001
(202) 724-6600 Phone
(202) 727-3625 Fax

DISTRICT OF COLUMBIA
OFFICE OF ADMINISTRATIVE HEARINGS
941 North Capital Street, Suite 9100
Washington, D.C. 20002

THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER
AND REGULATORY AFFAIRS

                               Case No.:  S700841

          Petitioner,

   v.

YEON OK CHO,

          Respondent.
_____/

### RESPONDENT'S NOTICE OF CHANGE OF PLEA REGARDING NOTICE OF INFRACTION, NUMBER S700841

COMES NOW the Respondent, YEON OK CHO, by and through the undersigned

counsel and pursuant to applicable Office of Administrative Hearings Rules of Practice and

Procedure, hereby serves notice that she is hereby changing her plea to Notice of Infraction,

Number S700841 to ADMIT WITH EXPLANATION.  The explanation has been stated in all

prior pleadings, filings and exhibits thereto.

                             Respectfully submitted,

                             Seth W. Diamond, Esq. (Bar No. 501308)
                             James E. Brown & Associates, PLLC
                             1220 L Street, NW, Suite 700
                             Washington, DC 20005

                             202-742-2000 (phone)
                             202-742-2098 (fax)
                             sdiamond@jeblaw.biz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail to: Jill Stern, Esq., Lori S. Parris, Esq., and Shakira D. Pleasant, Esq., Department of Consumer & Regulatory Affairs, Office of General Counsel, 941 North Capitol Street, N.E., Suite 9400, Washington, DC 20002 this 7th day of February, 2008.

Seth W. Diamond, Esq. (Bar No. 501308)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
sdiamond@jeblaw.biz

SWD

# NOTICE OF INFRACTION

Notice No. S700841

| Issuing Agency: | ☐ DOH | ☐ DMH | ☒ DCRA | ☒ 1st NOI |
| | ☐ CFSA | ☐ FEMS | ☐ Other ___ | ☐ 2nd NOI (1st NOI No. _____) |

Date of Service _____

3413 WISCONSIN Ave. NW

Location of Infraction    Type of Location: ☐ Vacant Lot  ☐ Construction Site  ☐ Occupied  ☐ Other ___

Business/Company Name  ChO VEON OK    Charge as Respondent (circle): YES  NO    Telephone Number 202 363-5569

Individual Name (Last, First, Middle)  7626 BUCKLAND PL    Charge as Respondent (circle) YES  NO    Telephone Number

Mailing Address  Lorton    VA.    22079

City    State    Zip Code

Business License/Permit Type  HOP 104803    Business License/Permit No.  NONE - Beauty Shop

You are charged with violating the District of Columbia laws or regulations stated below. You MUST SIGN and RETURN this form WITHIN 15 DAYS of the date of service. You must also indicate below each infraction whether you ADMIT, ADMIT WITH EXPLANATION or DENY. **Instructions on back.**

If you **DENY** one or more of the infractions, you must timely sign and return this form as your answer. If you do so, a hearing in your case is pre-scheduled on the _____ day of _____, _____ at _____ AM / PM at the following location:

**Office of Administrative Hearings,** _____, Suite _____, Washington, D.C.

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| DC Official Code 47-2851.02 | $ 2,000.00 | $ |

Nature of Infraction  Engagraging Business without Public Health Accommate with Enforcement AS to Beauty Shop

Date of Infraction 5/17/07    Time of Infraction 2:00 pm    Previous Infractions Committed

ANSWER: ☐ ADMIT (Pay Fine)    ☐ DENY (Appear for a Hearing)    ☐ ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| DC Official Code 47-2853.02 | $ 2,000.00 | $ |

Nature of Infraction  Practicing, Attempting or Offering to Practice - Cosmet...

Date of Infraction 5/17/07    Time of Infraction 2:00    "Manager"    Previous Infractions Committed  1  2  3  4

ANSWER: ☐ ADMIT (Pay Fine)    ☐ DENY (Appear for a Hearing)    ☐ ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

Total Fines and Penalties $ 4,000.—
Total Administrative Fees $ 10.00
Total Amount Due for ALL Infractions $ 4,010.00

**WARNING:** Failure to answer (see reverse) each infraction on this Notice within 15 days of the date of service by signing and returning this form will result in assessment of a penalty equal to and in addition to the specified amount of the fine. You also may be subject to other penalties and actions allowed by law including suspension and non-renewal of your license or permit, the sealing of your business, a lien being placed on your property, and attachment of your equipment. If this is your second Notice for the charges, your failure to respond within 15 days of the date of service will result in the assessment of a penalty equal to twice the amount of the fine. For Medicaid-funded facilities: This Notice and information obtained through this proceeding may be used for evaluation under applicable law, including 42 CFR Chs. 442 and 483 and for any proceeding under 42 CFR Ch. 431. For information call (202) 442-9091.

I personally declare under penalty of perjury that I observed and/or determined that the infraction(s) charged have been committed.

C Pedrick    C Pedrick    5/17/07    530-

Inspector's/Investigator's Signature    Print Name    Date    Badge/Identification Number

I sign my name below to acknowledge receipt of this Notice of Infraction and not as an admission of guilt or liability to the charge(s) listed.

_____    ck Yeon cho    5/17/07    2:30 pm - cho

Respondent's Signature    Print Name    Date

OAH (WHITE)    RESPONDENT (YELLOW)    INSPECTOR (PINK)    ENFORCEMENT (GOLDENROD)

Form OAH-412, Rev. 12-04