UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, et al.<br><br>      Plaintiffs,<br><br>      v.<br><br>DISTRICT OF COLUMBIA, et al.<br><br>      Defendants. | Civil Action 08-00353  (HHK) |

## MEMORANDUM OPINION AND ORDER

Ok Yeon Cho ("Cho") brings this action against the District of Columbia (the "District")
and its agents alleging that Defendants unlawfully assessed fines against Cho and her business.
Before the court is the Plaintiffs' motion to remand to the Superior Court of the District of
Columbia [#5].

## I. BACKGROUND

Cho is the owner/operator of Fingertip Nail Salon ("Salon") located in the District of
Columbia.  Cho alleges that Clifford Dedrick ("Dedrick"), an investigator for the District of
Columbia Department of Consumer and Regulatory Affairs ("DCRA"), unlawfully assessed fines
against Cho and the Salon after conducting an inspection in May 2007.  On January 28, 2008,
Cho brought this action in the Superior Court of the District of Columbia against defendants: the
District; Linda Argo ("Argo"), in her official capacity as the Director of DCRA; and Dedrick, in
his official capacity as a DCRA investigator and in his individual capacity.

On February 28, 2008, the District filed a Notice of Removal and the case was transferred to the United States District Court for the District of Columbia. Defendant Argo failed to join in the Notice of Removal, which gives rise to the issue at hand.

## II. ANALYSIS

Cho moves to remand this action to the Superior Court of the District of Columbia arguing that removal to a federal court is only appropriate where defendants unanimously consent to the removal. Because Defendant Argo failed to provide notice of consent for removal, Cho argues that this action must be remanded to the Superior Court as a matter of law.

Federal courts are courts of limited jurisdiction, and the removal statute is to be narrowly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 100-07 (1941); *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997). As a result, where there are multiple defendants "removal generally requires unanimity among the defendants." *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 54 (D.D.C. 2003). Each defendant's consent to removal must be unambiguous, and "[u]nless all defendants express such consent to removal in a timely manner, the removal procedure is defective." *Id*. However, there are three exceptions to the unanimity rule: (1) where one or more of the defendants has not yet been served with the initial pleading at the time the removal petition was filed; (2) *where a defendant is merely a nominal or formal party-defendant*; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Id*. (emphasis added).

The second exception applies here. A nominal or formal party-defendant is one who "is not an indispensable party to the controversy." *Salem Trust Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182, 190 (1923). It is well established that official-capacity lawsuits are merely another

means of pleading an action against the entity of whom the officer is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Accordingly, where the defendant is sued in her official capacity, she is not an indispensable party because the suit is not against the official but rather against the official's office. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991).

In her motion to remand, Cho quotes *Kopff v. World Research Group, LLC* for the proposition that a removal procedure is defective if any of the defendants fail to consent to such removal. Cho conveniently omits, however, the very next sentence in *Kopff* which lays out the three exceptions to that rule. Defendants correctly argue that for purposes of this litigation, Argo is a nominal and formal defendant, and as such, she falls squarely within the second exception to the rule of unanimity. As an agent for the District, a suit brought against Argo in her official capacity is a suit brought against the District. *Watson v. District of Columbia*, 2005 WL 1903573, at *30 n.8 (D.D.C. July 18, 2005) ("A plaintiff who prevails in an official capacity suit must look to the government entity as the real party in interest."). Accordingly, to achieve unanimous consent for the purpose of removal, Linda Argo was not required to express consent independent from that of the District.

### III. CONCLUSION

For the foregoing reasons, it is this 22nd day of April 2008,

**ORDERED** that Plaintiff's Motion for Remand to the Superior Court of the District of Columbia is **DENIED.**

> Henry H. Kennedy, Jr.
> United States District Judge