UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, et al., ) ) Case No.: 08-cv-00353 HHK Plaintiffs, ) ) v. ) ) THE DISTRICT OF COLUMBIA, et al., ) ) Defendants. ) _____) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

COMES NOW the Plaintiff, OK YEON CHO, by and through the undersigned counsel and pursuant to applicable Federal Rules of Civil Procedure hereby files her Motion for Reconsideration regarding Defendants, DISTRICT OF COLUMBIA and LINDA ARGO's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereinafter the "Defendants' Motion"), and as grounds in support thereof states as follows:

On June 2, 2008 this Honorable Court dismissed the subject lawsuit and made a finding that the Plaintiff has failed to exhaust administrative remedies and that the subject claim is barred by the Public Duty Doctrine. The Plaintiff seeks reconsideration on the basis that no viable administrative remedies have been identified by the Defendants or the Court and therefore, the only basis to determine that administrative remedies are available to the Plaintiff is the Defendants' conclusive statement that such remedies exist, without any citation to a specific administrative forum wherein the Plaintiff may seek administrative relief. The Plaintiff further seeks reconsideration on the basis that this Honorable Court's finding that the claim is barred by the Public Duty Doctrine is unsupported by any law and that the ruling, in essence, has made a common law doctrine trump the U.S. Constitution.

1

It should also be noted that the Defendants' Motion was filed on behalf of all Defendants except for Defendant, CLIFF DEDRICK. The Order is unclear as to whether the dismissal is to the matter as a whole, or only as to claims against the moving Defendant.

The Plaintiff has attempted to consult with Defense counsel and has been unable to contact him in order to determine consent. If such consent is given, this Motion will be amended accordingly.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court reconsider its Order of June 2, 2008 and deny the Defendant's Motion and for any other relief deemed just and proper.

        Respectfully submitted,

        _____/s/_____
        Roxanne D. Neloms, Esq. (Bar No. 478157)
        James E. Brown & Associates, PLLC
        1220 L Street, NW, Suite 700
        Washington, DC 20005

        202-742-2000 (phone)
        202-742-2098 (fax)
        rneloms@jeblaw.biz

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 12th day of June 2008, a true and correct copy of the foregoing was filed with the Clerk of Court using the United States Electronic Filing system, served, which will send notification of such filing to:

Peter J. Nickles, Esq.
Interim Attorney General for the District of Columbia

George C. Valentine, Esq.
Deputy Attorney General, Civil Litigation Division

Ellen A. Efros, Esq.
Chief, Equity I

Chad Copeland, Esq.
Assistant Attorney General
441 4th Street, NW
Suite 600 South
Washington, D.C. 20001
COUNSEL FOR THE DISTRICT OF COLUMBIA
AND LINDA ARGO

    I FURTHER CERTIFY that on this 12th day of June, 2008, a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid, to:

Cliff Dedrick
District of Columbia
Department of Consumer & Regulatory Affairs
941 North Capitol Street, N.W.
Washington, D.C. 20002

                                            /s/
                                    Roxanne D. Neloms, Esq. (Bar No. 478157)
                                    James E. Brown & Associates, PLLC
                                    1220 L Street, NW, Suite 700
                                    Washington, DC 20005

                                    202-742-2000 (phone)
                                    202-742-2098 (fax)
                                    rneloms@jeblaw.biz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, et al.,            )<br>                                 )<br>         Plaintiffs,              )<br>                                 )<br> v.                              )<br>                                 )<br> THE DISTRICT OF COLUMBIA, et al.,)<br>                                 )<br>         Defendants.             )<br>_____) | Case No.:   08-cv-00353 HHK |

### POINTS AND AUTHORITIES IN SUPPORT OF
### PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.  Legal Standard**

The purpose of a motion to reconsider is to bring to the trial court's attention (1) newly discovered evidence not available at the time of the hearing, (2) changes in the law, or (3) errors in the trial court's previous application of existing law. Hartzog v. Martinez, 865 N.E.2d 492, 498 (Ill.App.1.Dist. 2007). In this matter, the Plaintiff seeks reconsideration of the Court's Order based on an error in the Court's application of the Public Duty Doctrine and administrative procedure.

**II.  The Public Duty Doctrine is Inapplicable to Non-Negligence Cases and the Court's Ruling Places the Public Duty Doctrine Above the U.S. Constitution**

The Plaintiff has argued that the Public Duty Doctrine is limited to negligence cases and is therefore inapplicable to the facts of this case because negligence is not claimed. This axiom is clearly stated in the matter of Powell v. District of Columbia, wherein the Court stated, "(u)nder the public duty doctrine, 'a person seeking to hold the District of Columbia liable for negligence must allege and prove that the District owed a special duty to the injured party, greater than or different from any duty which it owed to the general public.' " Powell v. District

4

of Columbia, 602 A.2d 1123, 1129 (D.C.1992) (quoting Klahr v. District of Columbia, 576 A.2d 718, 719 (D.C.1990)). As can be seen, the Court in Powell explicitly limited the application of the Public Duty Doctrine solely to negligence cases. It is clear that, had the Court sought to allow the Public Duty Doctrine to be applicable to all cases, it would not have made the purposeful act of including the language, "a person seeking to hold the District of Columbia liable for negligence..." (emphasis added). Id. Therefore, because it is clear that the Court in Powell made sure to insert language limiting the Public Duty Doctrine to negligence cases, the Court intended the Doctrine to be limited in its applicability.

Furthermore, this is an action under the Fifth Amendment to the U.S. Constitution. (See Complaint). 42 U.S.C. § 1983 clearly allows a cause of action against, "every person who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and the laws, shall be liable to the party injured in any action…" Therefore, if this Honorable Court is to hold that the Public Duty Doctrine bars the subject lawsuit, it is in essence holding that any time a state actor violates a citizen's Constitutional Rights, he or she is free to do so because he or she will be protected by the Public Duty Doctrine. The public policy behind the Public Duty Doctrine "is to spare individual officials the burdens and uncertainties of standing trial in those instances where their conduct would strike an objective observer as falling within the range of reasonable judgment". District of Columbia v. Evans, 644 A.2d 1008, 1016 (D.C. 1994). With regard to 42 U.S.C. § 1983 claims, it has been held that government actors "are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would

have known about." Id. at 1014. Therefore, there is no reason the Doctrine should be extended beyond negligence. In a claim related to an intentional act, the uncertainties of standing trial are removed. The actor knew what his or her act would be, had time to weigh the consequences of the act, and decided to move forward despite the potential consequences. Furthermore, it is clear that a reasonable person would have known that claiming that infractions exist on the Plaintiff's premises, without providing notice of the contents of the infraction or an opportunity to defend is a violation of the Plaintiff's Constitutional rights.

Therefore, because Courts have explicitly limited the Public Duty Doctrine to negligence actions and because the Court's ruling elevates the Public Duty Doctrine above the U.S. Constitution, the Plaintiff respectfully requests that this Honorable Court reconsider its Order of June 2, 2008.

### III.   The Court has held that the Plaintiff failed to exhaust administrative remedies, but no valid administrative remedy has been cited by any party or the Court.

The doctrine of exhaustion of administrative remedies is not applicable where relief is not available from the administrative agency. Reiter v. Cooper, 507 U.S. 258, 269 (1993). The Court has explicitly ruled that the Plaintiff has failed to exhaust her administrative remedies. (See Order and Memorandum, dated June 2, 2008). As previously stated by the Plaintiff, there is no administrative procedure wherein she may seek the affirmative relief sought here. The Defendant has merely raised this issue in the form of a conclusive statement, but has cited no statute, law, administrative order, case, or other legal precedent or standard stating the nature of the alleged administrative remedy that is available to the Plaintiff. There is no legal standard cited in the Court's Order stating the alleged administrative remedy that is available to the Plaintiff. Therefore, the Plaintiff states that there is not available administrative remedy and that

6

this is an erroneous finding. The Plaintiff respectfully requests that this Honorable Court reconsider and withdraw its finding.

IV. **The Order is unclear as to whether the entire matter has been dismissed or whether it has been dismissed only with regard to the moving parties.**

In its Order, the Court has dismissed "this action". However, there is one party who did not join the Defendants' Motion; Defendant, CLIFF DEDRICK. The Plaintiff seeks clarification as to whether the matter has been dismissed in its entirety or if it remains pending against Defendant, CLIFF DEDRICK.

V. **Conclusion**

For the reasons stated above, the Plaintiff respectfully requests that this Honorable Court reconsider its previous ruling.

WHEREFORE the Plaintiff respectfully requests that this Motion be granted and for any other relief deemed just and proper.

Respectfully submitted,

_____/s/_____
Roxanne D. Neloms, Esq. (Bar No. 478157)
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005

202-742-2000 (phone)
202-742-2098 (fax)
rneloms@jeblaw.biz


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, et al., ) | |
| ) | Case No.:   08-cv-00353 HK |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of the Plaintiff, OK YEON CHO's Motion for Reconsideration, and the entire record herein, it is, on this _____ day of _____, 2008,

ORDERED that said Motion be and the same is hereby GRANTED. This Court's Order of June 2, 2008 is hereby withdrawn. The Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment is hereby DENIED. The Defendants shall file their Answer within ten (10) days.

                                                            Henry H. Kennedy, Jr.
                                                            United States District Judge

<u>Serve upon:</u>
Counsel of Record
Cliff Dedrick