UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, individually, and<br>    d/b/a FINGERTIP NAIL SALON,<br><br>            Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 08-cv-00353 (HHK)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS DISTRICT OF COLUMBIA AND LINDA ARGO'S
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants District of Columbia and Linda Argo ("District Defendants") submit this Opposition to Plaintiff's Motion for Reconsideration. In previously addressing these issues, the Court properly granted District Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. There is no basis, under Rule 59(e), to reconsider, much less rescind, the dismissal of Plaintiff's lawsuit.

The Public Duty Doctrine is clearly applicable and precludes Plaintiff's claims. Additionally her suit is premature as she has failed to exhaust her administrative remedies. Plaintiff's Motion should be denied. A proposed order has been included.

**I.    Plaintiff does not satisfy the standard for relief under Rule 59(e).**

A Motion for Reconsideration is generally treated under Federal Rule of Civil Procedure 59(e) if filed within ten days of the challenged order. *United States v. Pollard*, 290 F.Supp.2d 153, 156 (D.D.C. 2003). A Rule 59(e) Motion for Reconsideration "need not be granted unless the District Court finds that there is an intervening change of

1

controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir 1996).

Relief under Rule 59(e) is an "extraordinary measure." *Id*. A Rule 59(e) Motion for Reconsideration is "not simply an opportunity to reargue facts and theories upon which the court has already ruled." *United States v. Funds from Prudential Dec.*, 245 F.Supp.2d 41, 44 (D.D.C. 2003) (internal citations omitted). In her motion, Plaintiff merely repeats the same arguments against dismissal as those found in her Opposition to District Defendants' Motion to Dismiss. She presents nothing new, and, in doing so, Plaintiff wholly fails to establish entitlement to relief under 59(e).

## II.     The Public Duty Doctrine is clearly applicable in the present case.

The Court properly applied the Public Duty Doctrine in dismissing Plaintiff's claims against the District. In her Motion for Reconsideration, Plaintiff erroneously narrows the doctrine's usage to avoid appropriate application in this case. Citing *Powell v. District of Columbia*, 602 A.2d 1123 (D.C. 1992), Plaintiff again argues that the Public Duty Doctrine was "intended to be limited in its applicability." Motion at 5. In making this statement, Plaintiff ignores *Powell*'s mandate that "[a]lthough the court has not described all of the circumstances under which the public duty doctrine applies, *the court has defined it <u>broadly</u> for purposes of limiting the District's substantive liability*." *Id*., at 1128, *citing Hines v. District of Columbia*, 580 A.2d 133, 146 (D.C. 1990) (emphasis added). *Powell* explicitly provides for an expansive interpretation of the doctrine to serve its purposes, and Plaintiff's mischaracterization of the opinion is patently false.

In considering the doctrine, the D.C. Circuit defined the Public Duty Doctrine as follows: "the District is generally immune from *tort liability* for actions taken by its

officers in the course of providing public services." *Joy v. Bell Helicopter Tex-tron, Inc.*, 999 F.2d 549, 561 (D.C. Cir. 1993) (emphasis added). Plaintiff's attempt to restrict its application in the present matter is belied by the broad approach to the Public Duty Doctrine adopted by the Courts of this jurisdiction. Furthermore, Plaintiff's narrow view of the Public Duty Doctrine ignores the fact that all torts, including intentional torts, include an element of duty. *See* RESTATEMENT (SECOND) OF TORTS § 4 (1965).

Plaintiff also argues that this Court is "elevate[ing] the Public Duty Doctrine above the U.S. Constitution." Motion at 6. She relies solely on *District of Columbia v. Evans*, 664 A.2d 1008, 1016 (D.C. 1994) to support her position; however, her reliance on *Evans* is wholly misplaced, and her presentment to the Court as supporting authority is totally disingenuous. *Evans* is not a case involving the Public Duty Doctrine at all. *Evans* involves the application of qualified immunity to two police officers in an unlawful seizure and wrongful death case. In fact, in a footnote, the Court explicitly states, "The Public Duty Doctrine . . . has no relevance to this case." *Evans*, at 1017 n. 8. Plaintiff's citations to various passages of the *Evans* decision refer only to the standard and to application of qualified immunity. Motion at 5-6. Her blatant mischaracterization of that case provides no support for the proposition that this Court improperly applied the Public Duty Doctrine.

Plaintiff's Motion misleads this Court and asks it to ignore precedent, imposing inappropriate and unsupportable limitations on a well-recognized legal doctrine. Motion at 5. The Court correctly identified the subject matter of Plaintiff's lawsuit as clearly implicating the doctrine's application. *See District of Columbia v. Forsman*, 580 A.2d 1314, 1317-18 (D.C. 1990) (applying doctrine in lawsuit involving demolition permit

3

procedures); *Nealon v. District of Columbia*, 669 A.2d 685, 692 (D.C. 1995) (involving the collection of fees for water and sewer services). The Public Duty Doctrine remains an appropriate basis for the dismissal of Plaintiff's lawsuit. Plaintiff's Motion should be denied.

**III.     Plaintiff's failure to exhaust her administrative remedies was a proper basis for dismissal.**

Plaintiff's lawsuit seeks declaratory relief regarding the status of code and regulatory violations on her premises from May 17, 2007 to the present. Complaint at ¶ 21. The very matters currently are pending with the District of Columbia Office of Administrative Hearings ("OAH"). The administrative resolution of the Notices of Infraction issued during that time period directly impacts resolution of the allegations in Plaintiff's complaint, particularly the declaratory relief identified above. By filing suit before exhausting any and all administrative remedies available to her, Plaintiff's present lawsuit is premature. *See Granholm, ex rel. Michigan Dep't of Natural Resources v. FERC*, 180 F.3d 278, 282 (D.C. Cir. 1990) (dismissing case where Plaintiff did not exhaust administrative remedies because "rules is rules" (citing BARTLETT J. WHITING, MODERN PROVERBS AND PROVERBIAL SAYINGS 541 (1989))).

Plaintiff offers *Reiter v. Cooper*, 507 U.S. 258 (1993) as authority that "[t]he doctrine of administrative remedies is not applicable where relief is not available from the administrative agency." Motion at 6. Again, her reliance is misplaced. *Reiter* involved a complicated set of facts whereby the estate of a bankrupt shipping company sought to collect undercharges resulting from a negotiated rate lower than the applicable International Commerce Commission ("ICC") tariff rate. *Id.*, at 261-2. In finding that the doctrine of administrative remedies did not apply, the Supreme Court explicitly relied

4

on the ICC's long-standing interpretation that its statute did not give it the power to award reparations relief. *Id.*, at 269.

That contrasts sharply with the facts of the present case where the OAH does have the power to provide a portion of the relief sought, the declaratory relief in particular. *See* D.C. OFFICIAL CODE § 2-1802.01-.04; *Association of Flight Attendants-CWA, AFL-CIO*, 493 F.3d at 159 ("[E]xhaustion is especially important where allowing the litigants to proceed in federal court would deprive the agency of *any* opportunity to use its discretion or apply its expertise."). Plaintiff's case is not ripe for consideration because she has not yet exhausted all of her administrative remedies. *Id.* Dismissal of Plaintiff's case was proper.

## IV.    Conclusion

For the reasons stated above, District Defendants request that Plaintiff's Motion for Reconsideration be denied.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Chad Copeland
CHAD COPELAND[1]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001
(202) 724-6623 (telephone)
(202) 727-0431 (fax)
chad.copeland@dc.gov

---

[1] DC Bar Application pending.  Member of Texas Bar in good standing. Authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2008, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA AND LINDA OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** to be filed with the Clerk of the Court using the United States Electronic Filing system, which will send notification of such filing to:

Roxanne Neloms
James F. Brown & Associates, PLLC
1220 L Street NW, Suite 700
Washington, DC 20005

I further certify that on this 18th day of June, 2008, I caused the foregoing **DEFENDANTS DISTRICT OF COLUMBIA AND LINDA OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** to be served via United States mail, postage prepaid, on:

Clifford Dedrick
941 N. Capitol St., NE
Washington, D.C. 20002

By: /s/ Chad Copeland/s/
CHAD COPELAND
Assistant Attorney General
441 4th Street, N.W., 6S049
Washington, D.C. 20001
(202) 724-6600 Phone
(202) 727-3625 Fax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK YEON CHO, individually and<br>    d/b/a FINGERTIP NAIL SALON,<br><br>    Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 08-cv-00353 (HHK)<br>)<br>)<br>)<br>) |

**ORDER**

Upon consideration of Plaintiff's Motion for Reconsideration, opposition thereto, and the entire record herein, it is, on this _____ day of _____, 2008,

ORDERED: that Plaintiff's motion is all respects DENIED.

_____
Henry H. Kennedy, Jr.
United States District Judge

Serve upon:
All Counsel of Record

1